**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| BRUCE A. ROGERS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 2:10-cv-01497-CMR |
| | : | |
| CONAIR CORPORATION, | : | |
| | : | |
| Defendant. | : | |

_____:

**DEFENDANT CONAIR CORPORATION'S MOTION
<u>FOR PROTECTIVE ORDER STAYING ALL DISCOVERY</u>**

Defendant, Conair Corporation ("Conair"), hereby moves this Honorable Court for a

protective order pursuant to Fed. R. Civ. P. 26(c) staying all further discovery in this case

pending resolution of Conair's Motion for Judgment on the Pleadings ("Rule 12(c) Motion").  As

explained in the Rule 12(c) Motion, Plaintiff, Bruce A. Rogers ("Rogers"), has failed to plead the

elements of his false marking claim in accordance with the fraud pleading standard of Rule 9(b)

as now required by the Federal Circuit's recent precedent in *In re BP Lubricants,* 2011 U.S. App.

LEXIS 5015 (Fed. Cir. Mar. 15, 2011).

Because the doors of discovery may only be unlocked by properly pleaded claims, no

further discovery should be permitted in this case until Rogers can demonstrate that his

Complaint sets forth sufficient underlying facts from which the Court may reasonably infer

Conair's intent to deceive.  In support of this motion, Conair relies on its memorandum of law

submitted herewith, any reply filed in response to Rogers's opposition, and any argument

presented orally to the Court.


                                    Respectfully submitted, .


Dated:  April 8, 2011               _/s/ Joshua R. Slavitt_____
                                    Joshua R. Slavitt
                                    PEPPER HAMILTON LLP
                                    3000 Two Logan Square
                                    Philadelphia, PA 19103
                                    (215) 981-4000
                                    (215) 981-4750 (fax)

                                    Attorney For Defendant
                                    Conair Corporation

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                        :
BRUCE A. ROGERS,                        :
                                        :
                    Plaintiff,          :
                                        :
v.                                      :  Civil Action No. 2:10-cv-01497-CMR
                                        :
CONAIR CORPORATION,            :
                                        :
                    Defendant.          :
_____:

**DEFENDANT CONAIR CORPORATION'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION**
**FOR A PROTECTIVE ORDER STAYING ALL DISCOVERY**

## I.  INTRODUCTION

This Court should stay all further discovery in this case pending resolution of Defendant, Conair Corporation's ("Conair"), motion for judgment on the pleadings (the "Rule 12(c) Motion").  As explained in the Rule 12(c) Motion, the Complaint fails to meet the newly announced fraud pleading standard of Rule 9(b).  Specifically, the Complaint is devoid of specific underlying facts from which the Court may reasonably infer that Conair acted with an "intent to deceive the public" as required by 35 U.S.C. § 292.  As a result, good cause exists for the Court to grant the stay, Rogers will not be prejudiced by the brief period of the stay, and granting a stay will potentially save all parties time and money, and conserve judicial resources.  Accordingly, all further discovery should be stayed pending a ruling on Conair's Rule 12(c) Motion.

## II.    FACTUAL BACKGROUND

Plaintiff, Bruce A. Rogers ("Rogers"), alleges that Conair has falsely marked its No-Slip Grip products as "U.S. and International Patents Pending."  Complaint at ¶¶ 12, 15, 20.  Rogers also alleges that Conair falsely marketed these products as "patented" or "patent pending" on its website or in other media.  *Id.* at ¶¶ 12, 13, 21.  While Rogers concludes that Conair did so for purposes of deceiving the public, Rogers has not alleged any facts to support this assertion.  *See* Rule 12(c) Motion.

Rogers is presently seeking discovery of Conair – discovery that Rogers hopes will reveal facts to support his case.  For example, Rogers has scheduled several depositions within the coming weeks of Conair employees involved in decisions to mark products, including the depositions of Jennifer DeLaurentis on April 14, 2011, Mia Longo on April 15, 2011, and Joe Miller on April 29, 2011.  *See* Ex. A, Letter dated March 25, 2011.  Rogers has also propounded Interrogatories seeking*, inter alia,* all communications related to patent marking and the identities of employees involved in these decisions.  *See* Ex. B, Rogers's First Set of Interrogatories, Nos. 2, 6, 7, and 8.  Also, Rogers has served two sets of production requests for documents related to Conair's decisions to mark its products as patent pending and its knowledge of the extent and status of its patent rights.  *See* Ex. C, Rogers's First Set of Requests For Production, Nos. 4, 7, 8, 19, 20, 31;  Ex. D, Rogers's Second Set of Requests For Production, Nos. 1, 2, 5, 6.  On April 1, 2011, Rogers also moved to compel further responses to his First Set of Interrogatories and First Set of Requests for Production.  *See* Dkt. No. 35.  Conair's deadline for responding to this motion has not yet passed.

## III.    ARGUMENT

The Court should issue a protective order staying all further discovery in this case until such time as it rules on Conair's pending Rule 12(c) Motion, because this motion may dispose of

the entire action without the need for further discovery.  A stay, therefore, will likely save time and expense for both parties, as well as the resources of the Court.

### 1.      Applicable Standards for Protective Orders Staying Discovery

It is well-settled that federal courts have broad discretion and authority to stay proceedings as an incident to their power to control their own dockets.  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants")); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Bechtel Corp. v. Local 215, Laborers' Intern. Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976).  In the exercise of its sound discretion to stay a proceeding, a court "must weigh competing interests and maintain an even balance."  *Landis*, 299 U.S. at 254.

Similarly, a federal court has broad inherent power "to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979).  "[A discovery] stay is proper where the likelihood that such motion may result in a narrowing or an outright elimination of discovery outweighs the likely harm to be produced by the delay."  *Weisman v. Mediq, Inc*., Civ. No. 95-1831, 1995 WL 273678, *2 (E.D. Pa. May 3, 1995) (granting defendant's motion to stay discovery during the pendency of a motion to dismiss); *see Jackson v. N. Telecom, Inc*., 1990 WL 39311, at *1 (E.D. Pa. March 30, 1990) (granting discovery stay pending decision on dispositive motion "in the interest of judicial economy, and with a view toward preventing possibly unnecessary and expensive discovery."); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (upholding discovery stay pending resolution of the defendants' 12(b)(6) motion); *Hahn v. Star Bank,* 190 F.3d 708, 719-20 (6th Cir. 1999) (finding lower court did not abuse its discretion in granting discovery stay pending the court's decision on a motion to dismiss)*; Transunion Corp. v. PepsiCo, Inc.,* 811 F.2d 127, 130 (2d Cir. 1987) (same).

Although a motion to dismiss does not automatically constitute good cause, where it may "dispose of the entire action and where discovery is not needed to rule on such motion, the balance generally favors granting a motion to stay." *Weisman v. Mediq, Inc.*, Civ. Action No. 95-1831, 1995 WL 273678 (E.D. Pa. May 3, 1995) (citing cases). Staying discovery is proper when a concurrent motion to dismiss "may be decided on the pleadings and may potentially lead to dismissal of the entire action." *See Weisman*, 1995 WL 273678, at *2. Such a stay potentially saves time and money for all concerned because if discovery does proceed, the parties will have "full knowledge of which claims [are] viable and, correspondingly, . . . what discovery need[s to] occur." *See id.*

The district court opinion in *Weisman v. Mediq, Inc.* particularly is instructive. The court had two discovery motions before it filed by the plaintiff, and a motion to dismiss and a motion to stay discovery filed by the defendants. That court found that a stay of discovery was appropriate pending resolution of the motion to dismiss. *Weisman*, at *2. The court noted the existence of good cause for the motion:

> I conclude that a stay of discovery is appropriate. Having reviewed the motion to dismiss, but without having formed an opinion as to the merits, I find that the comprehensive motion - - which challenges both federal claims as well as all state claims - - may be decided on the pleadings and may potentially lead to dismissal of the entire action. The motion is now before me and, assuming that both parties submit response and reply briefs in a timely fashion, will be decided in the near future. By imposing a stay while ruling on the motion, when discovery proceeds the parties will have full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur. In short, the stay will potentially save time and money for all concerned.

*Id.* at *2. The court also noted that the stay would not prejudice the plaintiff:

> Conversely, I do not find that plaintiff will be prejudiced by a stay in any significant way. More specifically, I am not persuaded by plaintiff's contention that a delay will result in loss or alteration of potential evidence or witness testimony. Such conduct would constitute a serious breach of ethics and a possible violation of law. This case is no different from the tens of hundreds of cases where a plaintiff accuses a defendant of fraudulent acts; such accusation does not carry with it a presumption that evidence will be destroyed, nor is the

argument proffered by plaintiff, without evidentiary support, either direct or by inference, sufficiently compelling to create such a presumption.

*Id.*

### 2.    The Newly Announced Pleading Standard for False Marking Claims

On March 15, 2011, the Federal Circuit ruled that the fraud pleading standard of Rule 9(b) "applies to false marking claims and that a complaint alleging false marking is insufficient when it only asserts conclusory allegations." *In re BP Lubricants USA Inc.*, 2011 U.S. App. LEXIS 5015 at *2 (Fed. Cir. Mar. 15, 2011)  Although *BP Lubricants* was decided less than a month ago, false marking complaints filed against at least 29 defendants around the country, including here in this District, have been dismissed for failing to plead specific facts necessary to meet the Rule 9(b) pleading standard.  *See, e.g., San Francisco Technology, Inc. v. Church & Dwight Co., Inc.*, 10-cv-01156 (E.D. Pa., decided April 6, 2011).[1]

---

[1] *See also Baker v. Pfizer, Inc.*, 10-cv-2331-STA (W.D. Tenn., decided March 28, 2011) (allegations that defendant was a sophisticated corporation with in-house patent counsel that knew the patents expired and acted with the intent to deceive the public were threadbare recitals under Rule 9(b)); *Newt LLC v. Nestle USA, Inc.*, 09-cv-4792 (N.D. Ill., decided March 28, 2011) (pleading deceptive intent "upon information and belief" insufficient); *Simonian v. Astellas Pharma US, Inc.*, 10-cv-1539 (N.D. Ill., decided March 28, 2011) (dismissed); *Brown v. Kraft Foods, Inc.*, 10-cv-1007 (E.D. Mo., decided March 28, 2011) (allegation of sophisticated defendant with patent counsel too general to infer intent); *Buehlhorn v. Universal Valve Co. Inc.*, 10-cv-559 (S.D. Ill., decided March 31, 2011) (dismissed); *Jackson v. Husky Corp.*, 10-cv-456 (S.D. Ill., decided March 31, 2011) (dismissed); *Ford v. Hubbel. Inc.*, 10-cv-513 (S.D. Ill., decided March 31, 2011) (dismissed); *Butler v. Greenlee Textron. Inc.*,. 10-cv-528 (S.D. Ill., decided March 31, 2011) (dismissed); *Miller v. Hastings Fiber Glass Prod., Inc.*, 10-cv-438 (S.D. Ill., decided March 31, 2011) (dismissed);  *San Francisco Tech., Inc. v. The Glad Prod. Co.*, 10-cv-966 (N.D. Cal., decided March 18, 2011) (bare allegations of knowledge of falsity and intent to deceive insufficient to plead false marking); *San Francisco Tech., Inc. v. McNeil PPC Inc.*, 10-cv-3249 (N.D. Cal., decided March 18, 2011) (bare allegations of knowledge of falsity and intent to deceive insufficient to plead false marking); *San Francisco Tech., Inc. v. Bajer Design & Marketing, Inc.*, 10-cv-5295 (N.D. Cal., decided March 18, 2011) (bare allegations of knowledge of falsity and intent to deceive insufficient to plead false marking); *San Francisco Tech., Inc. v. Sun Products Corp.*, 10-cv-3251 (N.D. Cal., decided March 18, 2011) (bare allegations of knowledge of falsity and intent to deceive insufficient to plead false marking);  *San Francisco Tech., Inc. v. GlaxoSmithKline LLC*, 10-cv-3248 (N.D. Cal., decided March 18, 2011) (bare allegations of knowledge of falsity and intent to deceive insufficient to plead false marking);  *San Francisco Tech., Inc. v. Colgate-Palmolive Co.*, 10-cv-5201 (N.D.

(continued...)

3.       **The Discovery Sought By Rogers Is Precluded By *BP Lubricants***

Conair has moved for judgment on the pleadings because the Complaint in the present action lacks specific factual allegations from which the Court may reasonably infer an intent to deceive.  As recently stated by the Federal Circuit, Rule 9(b) "acts as a safety valve to assure that only viable claims alleging fraud or mistake are allowed to proceed to discovery," and "prevents relators using discovery as a fishing expedition."  *In re BP Lubricants USA Inc.*, 2011 U.S. App. LEXIS 5015 at *6.  Allowing Rogers to proceed in discovery "would sanction discovery and adjudication for claims that do little more than speculate that the defendant engaged in more than negligent action." *Id.* at *7.  Discovery, therefore, should be stayed pending a ruling on Conair's Rule 12(c) Motion.

4.       **A Discovery Stay Will Save Time, Money, and Conserve Judicial Resources**

If this Court grants the Rule 12 (c) Motion, the entire action will be dismissed. If, however, the Rule 12 (c) Motion is denied, Rogers will have suffered no harm except for a brief delay in conducting discovery. Thus, as in *Weisman*, a stay of discovery pending resolution of the Rule 12 (c) Motion will save time and money for the parties. Moreover, a discovery stay will also conserve judicial resources, as it will avoid, at least for now and maybe forever, the need for the Court to decide any potential discovery issues.

_____

(continued...)

Cal., decided March 18, 2011) (bare allegations of knowledge of falsity and intent to deceive insufficient to plead false marking); *San Francisco Tech., Inc. v. The Dial Corp.*, 10-cv-4986 (N.D. Cal., decided March 17, 2011) (bare allegations of knowledge of falsity and intent to deceive insufficient to plead false marking);  *San Francisco Tech., Inc. v. Reckitt Benkiser Inc.* 10-cv-4989 (N.D. Cal., decided March 17, 2011) (bare allegations of knowledge of falsity and intent to deceive insufficient to plead false marking);  *San Francisco Tech., Inc. v. Aero Products Intern. Inc.*, 10-cv-2994 (N.D. Cal., decided March 16, 2011) (bare allegations of knowledge of falsity and intent to deceive insufficient to plead false marking);  *Luka v. The Proctor and Gamble Co. et al.*, 10-cv-2511 (N.D. Ill., decided March 28, 2011) (dismissing where allegations of intent were too generalized).

**5.      A Stay Of Discovery Will Not Prejudice Rogers**

As a party to this action, Conair is under an obligation to preserve all potentially relevant documents and electronically stored information.  In view of this obligation, Rogers will not be prejudiced by a brief stay of discovery pending the Court's ruling on Conair's Rule 12 (c) motion. Rather, a brief stay will only preserve the *status quo* and permit the Court and parties to focus their efforts on the pending Rule 12 (c) motion.

**IV.      CONCLUSION**

In view of the present posture of the case, all of the relevant factors militate in favor of staying discovery.  Conair's pending Rule 12 (c) Motion constitutes good cause for the Court to grant the stay, Rogers will not be prejudiced by the brief period of the stay, and granting a stay will potentially save all parties time and money, and conserve judicial resources. Accordingly, for the forgoing reasons, Defendant Conair respectfully requests that this Court grant its motion for a protective order under Fed. R. Civ. P. 26(c), and stay all further discovery in this case pending a ruling on Conair's Rule 12 (c) Motion.

<div style="margin-left:40%">

Respectfully submitted,

PEPPER HAMILTON LLP

</div>

Dated: April 8, 2011               */s/ Joshua R. Slavitt*
                                    Joshua R. Slavitt
                                    3000 Two Logan Square
                                    Philadelphia, PA 19103
                                    (215) 981-4000
                                    (215) 981-4750 (fax)

                                    Attorneys for Defendant
                                    Conair Corporation

# EXHIBIT "A"

LAW OFFICES

# WEIR & PARTNERS LLP

**THE WIDENER BUILDING**
**1339 CHESTNUT STREET • SUITE 500**
**PHILADELPHIA, PA  19107**

———

**(215) 665-8181**
**(215) 665-8464 FAX**
**(215) 665-8464 FAX**

March 25, 2011

<u>**VIA E-MAIL & FIRST CLASS MAIL**</u>
Joshua R. Slavitt, Esquire
Pepper Hamilton
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA  19103

**Re:** **Rogers v. Conair Corporation, EDPA, 10-cv-01497**

Dear Mr. Slavitt:

This letter serves to confirm that the following depositions will be held in our office beginning at 10:00 a.m.:

1. Mia Longo on April 15, 2011;
2. Joe Miller on April 29, 2011; and
3. Jennifer DeLaurentis on April 14, 2011 (please let me know right away if she's unavailable on the 14th).

In connection with the above referenced depositions, enclosed please find:

1. an amended notice of deposition for Mia Longo; and
2. a subpoena and notice of deposition for Jennifer DeLaurentis.

I assume you will accept service of the enclosed subpoena on behalf of Jennifer DeLaurentis.  Please let me know no later than **Tuesday, March 29, 2011** if you will not accept service of this subpoena on her behalf.

I am also enclosing another copy of the amended notice of deposition for corporate designee which was previously served.  I will confirm with you the date for Ms. Upham's deposition next week.  Mr. Miller and Ms. Upham, the corporate designees, shall bring all of the documents requested in the amended notice to their depositions.

WEIR & PARTNERS LLP

Joshua R. Slavitt, Esquire
March 25, 2011
Page 2 of 2

Should you have any questions or scheduling issues, please feel free to contact me.

Very truly yours,

*LeAnn Campbell*

LeAnn Campbell, Paralegal

LMC
Enclosure
cc:     Edward T. Kang
        Steven A. Angstreich

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE ROGERS | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO. 10-01497 (CMR) |
| v. | : | |
| | : | |
| CONAIR CORPORATION | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

## <u>AMENDED NOTICE OF DEPOSITION</u>

TO:    Joshua R. Slavitt, Esquire
       Pepper Hamilton LLP
       3000 Two Logan Square
       18th & Arch Streets
       Philadelphia, PA  19103

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, commencing on Friday, April 15, 2011, at 10:00 a.m. at the Offices of Weir &

Partners LLP, The Widener Building, Suite 500, 1339 Chestnut Street, Philadelphia,

Pennsylvania, Plaintiff, Bruce Rogers will take the deposition upon oral examination of Mia

Longo aka Mia Dutton, before a notary public or person authorized to administer oaths.

Deposition will be recorded by sound and/or stenographic means.

**TAKE FURTHER NOTICE** that Deponent should bring with her all documents

contained in Exhibit "A" attached to the previously served Subpoena.

*[Signature page follows]*

WEIR & PARTNERS LLP

By_____
    Edward T. Kang
    The Widener Building, Suite 500
    Philadelphia, PA 19107
    215-665-8181(Telephone)
    ekang@weirpartners.com

Dated:  March 25, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE ROGERS | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO. 10-01497 (CMR) |
| v. | : | |
| | : | |
| CONAIR CORPORATION | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Edward T. Kang, hereby certify that on this 25th day of March, 2011, I did cause the

foregoing Amended Notice of Deposition to be served by the following manner indicated below

upon:

Joshua R. Slavitt, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103
*(via electronic and U.S. First Class Mail)*

WEIR & PARTNERS LLP

By:_____
EDWARD T. KANG
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE ROGERS | :   CIVIL ACTION |
|                    Plaintiff, | : |
|     v. | :   NO. 10-01497 (CMR) |
| CONAIR CORPORATION | : |
|                    Defendant. | : |

## <u>NOTICE OF DEPOSITION</u>

TO:   Joshua R. Slavitt, Esquire
        Pepper Hamilton LLP
        3000 Two Logan Square
        18th & Arch Streets
        Philadelphia, PA  19103

**PLEASE TAKE NOTICE** that pursuant to Rule 30 of the Federal Rules of Civil Procedure, commencing on Thursday, April 14, 2011, at 10:00 a.m. at the Offices of Weir & Partners LLP, The Widener Building, Suite 500, 1339 Chestnut Street, Philadelphia, Pennsylvania, Plaintiff, Bruce Rogers will take the deposition upon oral examination of Jennifer DeLaurentis, before a notary public or person authorized to administer oaths.  Deposition will be recorded by sound and/or stenographic means.

*[Signature page follows]*

WEIR & PARTNERS LLP

By_____
    Edward T. Kang
    The Widener Building, Suite 500
    Philadelphia, PA 19107
    215-665-8181 (Telephone)
    ekang@weirpartners.com

Dated:  March 25, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE ROGERS | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO. 10-01497 (CMR) |
| v. | : | |
| | : | |
| CONAIR CORPORATION | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

## **CERTIFICATE OF SERVICE**

I, Edward T. Kang, hereby certify that on this 25th day of March, 2011, I did cause the

foregoing Notice of Deposition to be served by the following manner indicated below upon:

Joshua R. Slavitt, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103
*(via electronic and U.S. First Class Mail)*

WEIR & PARTNERS LLP

By:_____
EDWARD T. KANG
Attorney for Plaintiff

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

| | | |
|---|---|---|
| Bruce A. Rogers | ) | |
| *Plaintiff* | ) | Civil Action No.  10-1497  (CMR) |
| v. | ) | |
| | ) | (If the action is pending in another district, state where: |
| Conair Corporation | ) | |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Jennifer DeLaurentis

2200 Byberry Road, Hatboro, PA 19040

    *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Weir & Partners LLP | Date and Time: |
|---|---|
| 1339 Chestnut St., Ste. 500 | Thursday, April 14, 2011 at 10:00 a.m. |
| Philadelphia, PA 19107 | |

    The deposition will be recorded by this method:   court reporter

    *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

        See attached Exhibit "A".

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  March 25, 2011

        *CLERK OF COURT*

                                         OR

        _____                      _____

        *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  _____

Edward T. Kang, 1339 Chestnut St., Ste. 500, _____ , who issues or requests this subpoena, are:

Philadelphia, PA 19107 (215) 665-8181

Attorney for Plaintiff, Bruce A. Rogers

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT "A"

1.     All communications, including e-mails, between you and any person that identify the No-Slip Grip products sold by Conair Corporation or Scunci from January 1, 2005 through present.

2.     All documents referring to or relating to No-Slip Grip products sold by Conair Corporation or Scunci.

3.     All communications, including e-mails, between you and any person referring to or relating to patents and/or patent applications for No-Slip Grip products from January 1, 2005 through present.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE ROGERS | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO. 10-01497 (CMR) |
| v. | : | |
| | : | |
| CONAIR CORPORATION | : | |
| | : | |
| Defendant. | : | |
| | : | |

## AMENDED NOTICE OF DEPOSITION

TO:   Conair Corporation
      c/o Joshua R. Slavitt, Esquire
      Pepper Hamilton LLP
      3000 Two Logan Square
      18th & Arch Streets
      Philadelphia, PA  19103

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, commencing on Wednesday, March 30, 2011, at 9:00 a. m., at the Offices of Weir &

Partners LLP, The Widener Building, Suite 500, 1339 Chestnut Street, Philadelphia,

Pennsylvania, Plaintiff Bruce Rogers will take the deposition upon oral examination of corporate

designee(s) of Defendant Conair Corporation before a notary public or person authorized to

administer oaths.  Deposition will be recorded by sound and/or stenographic means.

Matters to be inquired into are described in Exhibit "A" attached hereto.  Defendant

Conair Corporation shall designate one or more officers, directors, or managers, agents or other

person who consent to testify on its behalf concerning the matters set forth in Exhibit "A" and

for each person designated identify the matters on which each person will testify.

1

**TAKE FURTHER NOTICE** that designee(s) shall bring all documents contained in Exhibit "B" attached hereto.

WEIR & PARTNERS LLP

By_____
   Edward T. Kang
   Suite 500, The Widener Building
   1339 Chestnut Street
   Philadelphia, PA 19107
   215-665-8181(Telephone)
   215-665-8191(Fax)

Dated: March 10, 2011

2

## EXHIBIT "A"

Plaintiff will inquire into the following matters:

1.     Conair Corporation's policies, protocols, and/or guidelines relating to marketing or sales of its hair accessory products, including No-Slip Grip products.

2.     Conair Corporation's policies, protocol, and/or guidelines relating to labeling its hair accessory products, including No-Slip Grip products.

3.     Detailed facts about marketing or sales on Conair Corporation's websites, including www.conair.com and www.scunci.com, relating to its hair accessory products, including No-Slip Grip products.

4.     Conair Corporation policies, protocols, and/or guidelines relating to prosecuting and using patents on its hair accessory products, including No-Slip Grip products.

5.     Detailed facts about all United States patents or international patents issued to or assigned to Conair Corporation relating to its hair accessory products, including No-Slip Grip products.

6.     Detailed facts about all United States patent applications or international patent applications filed by or on behalf of Conair Corporation relating to its hair accessory products, including No-Slip Grip products.

7.     Detailed facts about Conair Corporation's use of any of the following markings in any of its hair accessory products, including No-Slip Grip products: (a) any number referencing a United States patent or international patent, (b) any of the words "patent," "patent applied for," "patent pending," or "patented," or (c) or any word or number stating that the product is patented or that an application for patent has been made.

1

8.      All communications by and among any persons at Conair Corporation, including, agents, employees, representatives, shareholders, and officers, regarding its use of any of the following markings in any of its hair accessory products, including No-Slip Grip products: (a) any number referencing a United States patent or international patent, (b) any of the words "patent," "patent applied for," "patent pending," or "patented," or (c) or any word or number stating that the product is patented or that an application for patent has been made.

9.      All communications between Conair Corporation, including agents, employees, representatives, shareholders, and officers, and anyone regarding Conair Corporation's use of any of the following markings in any of its hair accessory products, including No-Slip Grip products: (a) any number referencing a United States patent or international patent, (b) any of the words "patent," "patent applied for," "patent pending," or "patented," or (c) or any word or number stating that the product is patented or that an application for patent has been made.

10.     Detailed facts relating to Defendant Conair Corporation's discussions, attempts, and/or considerations about covering, masking, or otherwise making unreadable on any of its products (a) any number referencing a United States patent or international patent, (b) any of the words "patent," "patent applied for," "patent pending," or "patented," or (c) or any word or number stating that the product is patented or that an application for patent has been made.

11.     Detailed facts about all revenues and profits Conair Corporation made from January 1, 2005 to the present from the sale of its hair accessory products, including No-Slip Grip products by product number.

12.     Conair Corporation's total annual revenues and profits from January 1, 2005 to the present.

13.     Detailed facts about the number of hair accessory products, including No-Slip Grip products Conair Corporation sold from January 1, 2005 to the present.

14.     Testimony that the documents produced pursuant to Plaintiff's requests for production of documents and/or tangible things are records of regularly conducted activity.

15.     Testimony that the documents disclosed under Rule 26(a) are records of regularly conducted activity.

16.     All facts supporting Conair Corporation's allegations contained in its Answer to Plaintiff's Complaint filed on or about June 11, 2010.

17.     All facts alleged in Conair Corporation's responses, including all supplemental responses to Plaintiff's interrogatories.

18.     Detailed facts about Conair Corporation's acquisition of Scunci International Inc. in or around March 2005, including transfer of all patents from Scunci International Inc. to Conair Corporation.

## EXHIBIT "B"

For purposes of documents requested herein, the term "Marked Product" shall mean any hair accessory products, including No-Slip Grip products, that Conair Corporation manufactured, marketed, sold, offered for sale, or distributed bearing any of the following markings: (a) any number referencing a United States patent or international patent, (b) any of the words "patent," "patent applied for," "patent pending," or "patented," or (c) or any word or number stating that the product is patented or that an application for patent has been made.   The term "Marked No-Slip Grip Products" shall mean any No-Slip Grip products Conair Corporation manufactured, marketed, sold, offered for sale, or distributed bearing any of the following markings: (a) any number referencing a United States patent or international patent, (b) any of the words "patent," "patent applied for," "patent pending," or "patented," or (c) or any word or number stating that the product is patented or that an application for patent has been made.

Designee(s) shall bring the following documents:

1.     Conair Corporation's policies, protocols, and/or guidelines relating to marketing or sales of its hair accessory products, including No-Slip Grip products.

2.     Conair Corporation's policies, protocol, and/or guidelines relating to labeling its hair accessory products, including No-Slip Grip products.

3.     Conair Corporation policies, protocols, and/or guidelines relating to prosecuting and using patents on its hair accessory products, including No-Slip Grip products.

4.     All United States patents or international patents issued to or assigned to Conair Corporation relating to its hair accessory products, including No-Slip Grip products.

1

5.      All pending or abandoned United States patent applications or international patent applications filed by or on behalf of Conair Corporation relating to its hair accessory products, including No-Slip Grip products.

6.      All communications (including e-mails) by and among any persons at Conair Corporation, including, agents, employees, representatives, shareholders, and officers, regarding its use of any of the following markings in any of its hair accessory products, including No-Slip Grip products: (a) any number referencing a United States patent or international patent, (b) any of the words "patent," "patent applied for," "patent pending," or "patented," or (c) or any word or number stating that the product is patented or that an application for patent has been made.

7.      All communications (including e-mails) between Conair Corporation, including agents, employees, representatives, shareholders, and officers, and anyone regarding Conair Corporation's use of any of the following markings in any of its hair accessory products, including No-Slip Grip products: (a) any number referencing a United States patent or international patent, (b) any of the words "patent," "patent applied for," "patent pending," or "patented," or (c) any word or number stating that the product is patented or that an application for patent has been made.

8.      At least one document showing the following information relating to Conair Corporation's sale of all Marked Product from January 1, 2005 to the present:

        (a)      the number of the Marked Products sold by Conair Corporation, broken down monthly, quarterly, and annually;

        (b)      the amount of monthly, quarterly, and annual revenue Conair Corporation made on the Marked Product;

      (c)    the amount of monthly, quarterly, and annual profit Conair Corporation made on each Marked Product; and

      (d)    the selling price for each of the Marked Product.

    9.    At least one document showing the following information relating to Conair Corporation's sale of all Marked No-Slip Grip Products from January 1, 2005 to the present:

      (a)    the number of the Marked No-Slip Grip Products sold by Conair Corporation, broken down monthly, quarterly, and annually;

      (b)    the amount of monthly, quarterly, and annual revenues Conair Corporation made on the Marked No-Slip Grip Products;

      (c)    the amount of monthly, quarterly, and annual profits Conair Corporation made on the Marked No-Slip Grip Products; and

      (d)    the selling price for each of the Marked No-Slip Grip Products.

    10.    Schedule of patents or any other document showing all patents transferred from or assigned by Scunci International Inc. to Conair Corporation.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| BRUCE ROGERS | : | CIVIL ACTION |
|  | : |  |
| Plaintiff, | : |  |
|  | : | NO. 10-01497 (CMR) |
| v. | : |  |
|  | : |  |
| CONAIR CORPORATION | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |

## CERTIFICATE OF SERVICE

I, Edward T. Kang, hereby certify that on this 10ᵗʰ day of March, 2011, I did cause the

foregoing Notice of Deposition to be served by the following manner indicated below upon:

Joshua R. Slavitt, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18ᵗʰ & Arch Streets
Philadelphia, PA  19103
*(via E-Mail & Overnight Mail)*

WEIR & PARTNERS LLP

By:_____
EDWARD T. KANG
Attorney for Plaintiff

# EXHIBIT "B"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRUCE A. ROGERS** | : | |
| | : | |
| *Plaintiff,* | : | **CIVIL ACTION NO.  2010-cv-1497** |
| | : | |
| **v.** | : | |
| | : | |
| **CONAIR CORPORATION,** | : | |
| | : | |
| *Defendant.* | : | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## DIRECTED TO DEFENDANT CONAIR CORPORATION

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff Bruce A. Rogers ("Rogers") requests defendant Conair Corporation ("Conair") to answer the interrogatories set forth below.

## DEFINITIONS

1.      "Rogers" shall mean Bruce A. Rogers, and his agents, officers, employees, representatives and attorneys, including all persons acting on his behalf.

2.      "Conair" shall mean Conair Corporation, and its agents, officers, employees, representatives and attorneys and any predecessor or successor companies, corporation or business entities; which shall also include any subsidiary, division, company, corporation or other business entity affiliated therewith or owned by it in whole or in part, or which owns or controls or is owned or controlled by it in whole or in part, and the directors, officers, agents, employees and attorneys of any of them, including all persons acting or purporting to act on behalf of, or who are subject to the direction or control of, any of the foregoing.

1

3.     "Marked Product" shall mean any product manufactured, marketed, sold, offered for sale or distributed by Conair bearing any number referencing a United States Patent; any of the words "patent" "patent applied for," "patent pending;" or any word or number importing that the product is patented or that an application for patent has been made.

4.     "Accused Product" shall mean the products specifically identified in the above-captioned complaint.

5.     "Person" or "persons" refer to any and all individuals and entities, including without limitation individuals, representative persons, associates, companies, corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, departments, divisions, bureaus and boards.

6.     "Relate to" (or a form thereof) shall mean referencing, constituting, reflecting, supporting, contradicting, referring to, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, regarding or relevant to.

7.     "Communication" shall mean any exchange, transmission or receipt (whether as listener, addressee, person called or otherwise) of information, whether such exchange, transmission or receipt be oral, written or otherwise, and includes, without limitation, any meeting, conversation, telephone call, letter, telegram, exchange, transmission or receipt of any document of any kind whatsoever.

8.     "Document" means any e-mail, electronic transmission, text, SMS text, handwritten, printed, typed, recorded, photographic, computer generated, or other graphic matter of any kind or nature, however produced or reproduced, including, but not limited to, books, ledgers, notebooks, letters, faxes, telexes, correspondence, telegrams, contracts, agreements

2

notes, memoranda, analyses, reports, projections, charts, graphs, drawings, photographs, videotapes, movies, audiotapes, checks, statements, statements of accounts, inter-office and intra-office communications, offers, notes of conversations, notes of meetings, notes of telephone calls, bulletins, computer programs, computer printouts, teletypes, invoices, work sheets, work papers, diaries, calendars, minutes, reports of investigations, office manuals, and any other communications fixed in a tangible medium, including but not limited to material stored electronically or electromagnetically as well as all mechanical and electronic sound records, or transcripts thereof, from which information can be obtained, as defined by the Federal Rules of Evidence, Rule 1001(1) and (2); "document" shall also include all drafts, alterations, modifications, changes, and amendments of any of the foregoing; "documents" shall also include any and all things subject to discovery pursuant to Rule 34(a) of the Federal Rules of Civil Procedure; "document" shall also include all "documents" (as defined herein) now in the possession, custody or control of the defendant, jointly or severally, or in the possession, custody or control of the present or former counsel, agents, employees or others acting on behalf of the defendant, jointly and/or severally, and shall also include all "documents" (as defined herein) known by the defendant, jointly and/or severally, to exist, whether or not ever in the possession of the defendant, jointly or severally; "document" shall also include all copies of all documents by whatever means made.

Any document bearing on any sheet or side thereof, any marks, including without limitation, initials, stamped indicia, comments or notations of any character which are not part of the original text, or any reproduction thereof, is to be considered a separate document.

9.      As used herein, the conjunctions "and" and "or" shall be interpreted conjunctively or disjunctively, as appropriate, so as not to exclude any documents or information otherwise within the scope of these requests.

10.     "Date" shall mean the exact day, month and year if ascertainable, or, if not, the best approximation thereof in relation to other events.

11.     The terms "identify," "describe," "state," "set forth," or similar instructions or terms shall mean to describe and state fully with all relevant details by reference to underlying facts, rather than merely by reference to ultimate facts, conclusions or generalities (as to the time, place or manner unless the context clearly indicates otherwise).

12.     The term "business entity" means a partnership, corporation, proprietorship, professional limited liability corporations, association, subsidiary, division or any other business organization, whether formal or informal.

13.     The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

14.     As used herein, the term "control" or "controlled" means the power or ability of the defendant, jointly and/or severally, to direct the actions, management, or policies of any person, firm or corporation.

15.     All accounting terms, legal terms, engineering terms and other technical terms associated with a particular industry, profession or identifiable body of knowledge shall have the meanings customarily and ordinarily associated with those terms within that industry, profession or discipline.

4

## INSTRUCTIONS

1.      These Interrogatories are of an ongoing nature and in addition to furnishing all information available to you at the time of answering, including information in the possession of your accountants, attorneys and agents, you must supplement your answers as required by the applicable Rules of Civil Procedure to the extent that you acquire information hereafter responsive to these interrogatories.

2.      Wherever you are requested to identify a series of persons, documents, oral communications or things and to provide for each such item certain information relating thereto, please arrange your answer so as to list the information requested for each item with that particular item.

3.      In the event that your answer to any of these interrogatories is to the effect that investigation is continuing, please state:

    a.      the nature and extent of its incompleteness;

    b.      the identity of every person involved in conducting such investigation;

    c.      the acts that remain to be accomplished in order to enable you to provide a complete answer (*e.g.*, whether documents are to be reviewed, witnesses interviewed, etc.); and

    d.      the estimated date when a full answer may be expected.

4.      For each interrogatory to which you fail or refuse to fully respond to on the grounds of any claim of privilege or attorney work product, please state:

    a.      the basis on which the claim of privilege is made; and

    b.      if the basis of the claim is a purportedly privileged communication, state:

        i.      the identity of every person who was a party to the communication;

        ii.     the subject matter of the communication;

    iii.    the date of the communication and the location of each party to the communication; and

    iv.    whether any other person was informed of the contents of the communication and if so, the identity of each such person; and

c.    if the basis of the claim is purported attorney work product, state:

    I.    the identity of every person who participated in preparing that work product (other than secretarial or clerical assistants);

    ii.    the date on which the product was prepared;

    iii.    a description of the subject matter of the product; and

    iv.    whether any other person was provided a copy of that product and if so, the identity of each such person.

5.    In answering any of the interrogatories, if you encounter any ambiguity in construing an interrogatory, or a definition or an instruction relating to any interrogatory, set forth the matter deemed to be ambiguous and the construction you selected or used in answering the interrogatory.

6.    Every reference to a business corporation, a non-profit corporation, an authority or other entity, shall also include all shareholders, directors, officers, managers, employees, servants, representatives, agents and/or other persons associated or affiliated with such entity.

7.    As hereinafter used, the word "identify," when used in reference to a written or oral statement, shall be deemed to mean:  State the name of the speaker; the date of the statement; the place at which the statement was made; the person or persons to whom the statement was addressed, if practicable; otherwise a general description of the persons to whom the statement was addressed; the subject matter of the statement; and if the statement was

memorialized in a writing or mechanical or other recording, state the date and present location of said writing or mechanical or other recording.

8.      As hereinafter used, the word "identify," when used in connection with an individual shall be deemed to mean:  State the name; present business and personal addresses; present employer (if self-employed so state); position or title held, if applicable; the duties and the scope of such duties performed by such person, if applicable, and if the interrogatory applies to a previous period of time, give the above information as it existed at the time covered by the interrogatory.

9.      As hereinafter used, the word "identify," when used in connection with a business address and if the interrogatory applies to a previous period of time, give the above information as it existed at the time covered by the interrogatory.

10.      In the event that any document called for by these Interrogatories has been lost, destroyed or discarded, that document is to be identified by stating:  (I) any addressor and addressee; (ii) any indicated or blind copies; (iii) the document's date, subject matter, number of pages and attachments or appendices; (iv) all persons to whom the document was distributed, shown or explained; (v) the date of loss, destruction or discard, manner of destruction or discard, and reason for destruction or discard; (vi) the persons who were authorized to carry out such destruction or discard; and (vii) whether any copies of the document presently exist and if so, the name of the custodian of each copy.

11.      In each instance where an interrogatory is answered on information and belief, it is requested that you set forth the basis for such information and belief.

12.      To the extent that any information called for by these interrogatories and requests is unknown to you, so state, and set forth such remaining information as is known.  If any

7

estimate can reasonably be made in place of unknown information, also set forth your best estimate, clearly designated as such, in place of the unknown information, and describe the basis upon which the estimate is made.

13.    If you think that any word or interrogatory contained herein is ambiguous, you are instructed to set forth both meanings you think are possible and respond to each interrogatory according to both meanings.

14.    Unless otherwise specified, each of these requests covers the period from February, 1999 to the present.  If any answer is not uniformly applicable to that entire period, each change within the period is to be described, with the date of each such change.

15.    If you think that any word or interrogatory contained herein is vague, you are instructed to explain the vagueness and select any reasonable interpretation thereof and respond according to your reasonable interpretation.

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify every Marked Product manufactured, sold, offered for sale, marketed, or distributed by Conair within the last six (6) years.

### INTERROGATORY NO. 2

For each Accused Product, as well as the Marked Products identified in response to Interrogatory No. 1 above, state:

(a)    The name of each person participating in the decision to manufacture, sell, or distribute each such Marked Product and the position each person held;

(b)    The information upon which the decision was based;

8

(c)     The names of each person supplying this information or any parts thereof and their position, if any, with Conair; and,

(d)     Identify any document directed in whole or in part which refers to, relates, or comments upon the decision and the reason therefore.

## INTERROGATORY NO. 3

Identify all U.S. Patent applications upon which Conair intends to rely in support of its defense to the allegations set forth in the complaint and the status of all United States Patent Applications pending at any time during the last six years and assigned to Conair or in which Conair has any right, title or interest including, but not limited to, Application Serial Numbers 10/161,507; 10/264,614; 11/192,479; and 11/024,291.

## INTERROGATORY NO. 4

Identify all United States Patents which Conair intends to rely in support of its defense to the allegations set forth in the complaint, including, but not limited to, all applications pending at any time during the last six years and assigned to Conair or in which Conair has any right, title or interest including, but not limited to, rights as a licensee.

## INTERROGATORY NO. 5

Identify the total revenue and then profits generated for Conair within the last six years by the sale of the products sold with the No-Slip Grip designation and the total number of items sold.

## INTERROGATORY NO. 6

Identify the person or persons responsible for maintaining Conair's website for all times during the last six years in general, and in particular, with respect to the designation of the word "patented" or "patent pending" or "international patent" on Conair's website.

9

**INTERROGATORY NO. 7**

Identify each and every attorney or other professional Conair consulted relative to the marking of all Marked Products or Accused Products containing the words "patent," "patent applied for," "patent pending," or any word or number importing that the product is patented or that an application for patent has been made including, but not limited to, any opinion of counsel upon which Conair intends to rely in support of its defense to the allegations set forth in the complaint in this matter.

**INTERROGATORY NO. 8**

Identify each and every communication taking place any time after November 14, 2007 among any and all persons at Conair, including but not limited to, agents, employees, shareholders or managers, relative to Conair's continued marking of its No-Slip Grip products with the words "patented" or "U.S. and International patents pending."

**INTERROGATORY NO. 9**

Identify all forms of media wherein you have advertised any Marked Product and any Accused Product.

**INTERROGATORY NO. 10**

Identify any documents or things lost, discarded or destroyed, which, but for their loss, discard or destruction, would have required identification in answer to any of these Interrogatories and describe in detail the contents of each such thing or document and describe the circumstances surrounding its loss, discard or destruction, and state Conair's policy and procedures with respect to the retention and destruction of documents and identify the person most knowledgeable with respect to such policy and procedures.

10

## INTERROGATORY NO. 11

Identify each person whom Conair expects to call as a witness at trial, state the subject matter upon which such person is expected to testify, and, as to expert witnesses, set forth the qualification of each such expert, the substance of the facts and opinions to which such expert is expected to testify, a summary of the grounds for such expert's opinion, and all such other disclosures as are required under FED.R.CIV.P. 26(a)(2)(B).

## INTERROGATORY NO. 12

With respect to each Accused Product as well as the Marked Products identified in response to Interrogatory No. 1, manufactured, sold, offered for sale, marketed or distributed by Conair within the last six years:

(a)    State the amount or number of units of such Marked Product and Accused Product, sold, offered for sale, marketed or distributed and the selling price for each such Marked Product and Accused Product;

(b)    State the profit earned by Conair on each such sale of such Marked Products and Accused Products, including a detailed explanation of the methodology that is being used to allocate overhead to the calculation of profit; and

(c)    Identify the person most knowledgeable with respect to the sale of each such Marked Product and Accused Product and the profits derived therefrom.

## INTERROGATORY NO. 13

Identify each person who furnished information for, or assisted in the preparation of, Conair's responses to these Interrogatories and state the specific Interrogatories for which each such person furnished information or rendered assistance.

11

Date:  8-12-10

Respectfully Submitted,

Frederick A. Tecce, Esquire
**MCSHEA\TECCE, P.C.**
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
(215) 599-0800
(215) 599-0888 (Fax)
ftecce@mcshea-tecce.com

Gavin P. Lentz, Esq
Email: glentz@bochettoandlentz.com
Todd S. McGarvey, Esq
Email:tmcgarvey@bochettoandlentz.com
BOCHETTO & LENTZ, P.C.
1524 Locust Street
Philadelphia, PA 19102
Telephone:  (215) 735-3900
Facsimile:   (215) 735-2455

*Counsel for Plaintiff,*
*Bruce A. Rogers*

12

## CERTIFICATE OF SERVICE

This is to I hereby certify that on this 12 <sup>th</sup> day of August, 2010, I caused a true and correct copy of foregoing Interrogatories Addressed to Defendant Conair Corporation to be served *via first-class mail,* the following:

> Joshua R. Slavitt, Esquire
> Pepper Hamilton, LLP
> 3000 Two Logan Square
> 18th & Arch Streets
> Philadelphia, PA 19103

_____
Todd S. McGarvey, Esquire

# EXHIBIT "C"

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRUCE A. ROGERS** | : |
| | : |
| *Plaintiff,* | :    **CIVIL ACTION NO.  2010-cv-1497** |
| | : |
| **v.** | : |
| | : |
| **CONAIR CORPORATION,** | : |
| | : |
| *Defendant.* | : |

### PLAINTIFF BRUCE A. ROGER'S FIRST SET OF
### REQUESTS FOR PRODUCTION OF DOCUMENTS
### DIRECTED TO DEFENDANT CONAIR CORPORATION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff Bruce A. Rogers ("Rogers") requests defendant Conair Corporation ("Conair") to produce for inspection, copying and testing, the documents and things set forth below that are in defendant's possession, custody and/or control, at the offices of McShea\Tecce, P.C., The Bell Atlantic Tower, 28th Floor, Philadelphia, Pennsylvania within thirty (30) days.

### DEFINITIONS

1.      "Rogers" shall mean Bruce A. Rogers, and his agents, officers, employees, representatives and attorneys, including all persons acting on his behalf.

2.      "Conair" shall mean Conair Corporation, and its agents, officers, employees, representatives and attorneys and any predecessor or successor companies, corporation or business entities, which owns or controls or is owned or controlled by it in whole or in part, and the directors, officers, agents, employees and attorneys of any of them, including all persons acting or purporting to act on behalf of, or who are subject to the direction or control of, any of

1

the foregoing.

  3.  "Marked Product" shall mean any product manufactured, marketed, sold, offered for sale or distributed by Conair bearing any number referencing a United States Patent; any of the words "patent" "patent applied for," "patent pending;" or any word or number importing that the product is patented or that an application for patent has been made. "Accused Product" shall mean the products specifically identified in the above-captioned complaint.

  4.  "Person" or "persons" refer to any and all individuals and entities, including without limitation individuals, representative persons, associates, companies, corporations, partnerships, limited partnerships, joint ventures, trusts, estates, public agencies, departments, divisions, bureaus and boards.

  5.  "Relate to" (or a form thereof) shall mean referencing, constituting, reflecting, supporting, contradicting, referring to, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, regarding or relevant to.

  6.  "Communication" shall mean any exchange, transmission or receipt (whether as listener, addressee, person called or otherwise) of information, whether such exchange, transmission or receipt be oral, written or otherwise, and includes, without limitation, any meeting, conversation, telephone call, letter, telegram, exchange, transmission or receipt of any document of any kind whatsoever.

  7.  "Document" means any e-mail, electronic transmission, text, SMS text, handwritten, printed, typed, recorded, photographic, computer generated, or other graphic matter of any kind or nature, however produced or reproduced, including, but not limited to, books, ledgers, notebooks, letters, faxes, telexes, correspondence, telegrams, contracts, agreements

notes, memoranda, analyses, reports, projections, charts, graphs, drawings, photographs, videotapes, movies, audiotapes, checks, statements, statements of accounts, inter-office and intra-office communications, offers, notes of conversations, notes of meetings, notes of telephone calls, bulletins, computer programs, computer printouts, teletypes, invoices, work sheets, work papers, diaries, calendars, minutes, reports of investigations, office manuals, and any other communications fixed in a tangible medium, including but not limited to material stored electronically or electromagnetically as well as all mechanical and electronic sound records, or transcripts thereof, from which information can be obtained, as defined by the Federal Rules of Evidence, Rule 1001(1) and (2); "document" shall also include all drafts, alterations, modifications, changes, and amendments of any of the foregoing; A documents@ shall also include any and all things subject to discovery pursuant to Rule 34(a) of the Federal Rules of Civil Procedure; "document" shall also include all "documents" (as defined herein) now in the possession, custody or control of the defendant, jointly or severally, or in the possession, custody or control of the present or former counsel, agents, employees or others acting on behalf of the defendant, jointly and/or severally, and shall also include all "documents" (as defined herein) known by the defendant, jointly and/or severally, to exist, whether or not ever in the possession of the defendant, jointly or severally; document" shall also include all copies of all documents by whatever means made.

Any document bearing on any sheet or side thereof, any marks, including without limitation, initials, stamped indicia, comments or notations of any character which are not part of the original text, or any reproduction thereof, is to be considered a separate document.

8.     As used herein, the conjunctions "and" and "or" shall be interpreted conjunctively

3

or disjunctively, as appropriate, so as not to exclude any documents or information otherwise within the scope of these requests.

9.      "Date" shall mean the exact day, month and year if ascertainable, or, if not, the best approximation thereof in relation to other events.

10.     The terms "identify," "describe," "state," "set forth," or similar instructions or terms shall mean to describe and state fully with all relevant details by reference to underlying facts, rather than merely by reference to ultimate facts, conclusions or generalities (as to the time, place or manner unless the context clearly indicates otherwise).

11.     The term business "entity" means a partnership, corporation, proprietorship, professional limited liability corporations, association, subsidiary, division or any other business organization, whether formal or informal.

12.     The masculine includes the feminine and vice versa; the singular includes the plural and vice versa.

13.     As used herein, the term "control" or "controlled" means the power or ability of the defendant, jointly and/or severally, to direct the actions, management, or policies of any person, firm or corporation.

14.     All accounting terms, legal terms, engineering terms and other technical terms associated with a particular industry, profession or identifiable body of knowledge shall have the meanings customarily and ordinarily associated with those terms within that industry, profession or discipline.

## INSTRUCTIONS

1.    Every reference to a business corporation, a non-profit corporation, an authority or other entity, shall also include all shareholders, directors, officers, managers, employees, servants, representatives, agents and/or other persons associated or affiliated with such entity.

2.    Each document is to be produced along with all drafts thereof in its entirety, without abbreviation or redaction.

3.    In the event that any document called for by the Requests is to be withheld on the basis of a claim of privilege or work product protection, that document shall be identified by stating (i) each addressor and addressee, (ii) any indicator or blind copy; (iii) the document's date, subject matter, number of pages and attachments or appendices; (iv) all persons to whom the document was distributed, shown or explained; (v) its present custodian; and (vi) the nature of the privilege being claimed.

4.    In the event that any document called for by these Requests has been lost, destroyed or discarded, that document is to be identified by stating: (i) any addressor and addressee; (ii) any indicated or blind copies (iii) the document's date, subject matter, number of pages and attachments or appendices; (iv) all persons to whom the document was distributed, shown or explained; (v) the date of loss, destruction or discard, manner of destruction or discard, and reason for destruction or discard; (vi) the persons who were authorized to carry out such destruction or discard; and (vii) whether any copies of the document presently exist and if so, the name of the custodian of each copy.

5.    These Requests shall be deemed continuing so as to require further and supplemental production in accordance with the Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

### REQUEST NO. 1

Each document that refers to, relates to, or comments upon each Marked Product made, offered for sale, distributed, marketed or sold by Conair within the last six years, including, but not limited to all specification sheets, as well as all specifications, technical manuals, use instructions, videotapes, and data sheets.

### REQUEST NO. 2

Each document that refers to, relates to, or comments upon the advertising, marketing, distribution, sale, offer for sale, of each Accused Product or Marked Product made, offered for sale, marketed, distributed or sold by Conair, including, but not limited to catalogs, price lists, sales contracts, bulletins, memoranda, press, trade releases, invoices, product specification sheets, purchase orders, receipts, promotional literature or brochures.

### REQUEST NO. 3

Each document that refers to, relates to, or comments upon the marking and product packaging of each Accused Product and Marked Product offered for sale, sold, marketed or distributed by Conair.

### REQUEST NO. 4

Each document that refers to, relates to, or comments upon any United States Patent Application pending at any time during the last six years which is assigned to Conair or in which Conair has any interest, including, but not limited to, Application Serial Numbers 10/161,507; 10/264,614; 11/192,479; and 11/024,291.

6

**REQUEST NO. 5**

Each U.S patent and each U.S. patent application, owned by or assigned to Conair, that concerns any Marked Product and Accused Product and upon which Conair intends to rely in defense of the mis-marking claims in this case.

**REQUEST NO. 6**

Each document that refers to, relates to, or comments upon the packaging for each Accused Product.

**REQUEST NO. 7**

Each document that refers to, relates to, or comments upon any legal opinion upon which Conair intends to rely in defense of this action.

**REQUEST NO. 8**

Each document that refers to, relates to, or comments upon the packaging for each Marked Product.

**REQUEST NO. 9**

Each document that refers to, relates to, or comments upon Rogers.

**REQUEST NO. 10**

Each document that refers to, relates to, or comments upon this civil action, that is Civil Action No. 2010-cv-1497 ("Civil Action") currently pending in the United States District Court for the Eastern District of Pennsylvania.

7

## REQUEST NO. 11

Each document that refers to, relates to, or comments upon any offer or agreement to which Conair is a party which provides any rights to Conair under any pending United States Patent Application or United States Patent.

## REQUEST NO. 12

Each document that refers to, relates to, or comments upon any request made to Conair for indemnification for any liability or damages, including, but not limited to, legal expenses, due to any claim of false marking with respect to any Marked Product or Accused Product.

## REQUEST NO. 13

From the period January 1, 2004 to the present, with respect to each Marked Product and Accused Product that was made, sold, offered for sale, marketed or distributed by Conair each document that refers to, relates to, or comments upon any of the following, or from which any of the following may be determined:

     (a)     the number of such products or units sold by Conair;

     (b)     the annual and quarterly dollar volume of sales of such products or units;

     (c)     the selling price of each such products or unit sold;

     (d)     the annual and quarterly profit from the sale of each such products or unit; and

     (f)     the annual and quarterly profit received by Conair from such sales.

## REQUEST NO. 14

Each document that refers to, relates to, or comments upon any internet page or web site which in any way relates to the Marked Products and Accused Products.

**REQUEST NO. 15**

Any document relating to, referring to or commenting upon the organizational structure of Conair and all of their subsidiaries or related companies, at any time from its inception to the present including, but not limited to, any organizational charts, and including, but not limited to, all past and present members of Conair's board of directors.

**REQUEST NO. 16**

Any document relating to, referring to or commenting upon any form of media where Conair has advertised or marketed any Accused Product and any Marked Product.

**REQUEST NO. 17**

Any document which Conair intends to introduce into evidence at trial or in any hearing related to this case.

**REQUEST NO. 18**

Each document for which identification was requested, or which forms the basis for Conair's response to each interrogatory addressed by Rogers to Conair.

**REQUEST NO. 19**

Each document that refers to, relates to or comments upon any advertisement or advertising material related in any way to each Marked Product and Accused Product.

**REQUEST NO. 20**

Each document that refers to, relates to or comments upon any communications between January 1, 2004 in any way relating to Conair's decision to market or continue to market any Accused Product and any Marked Product.

**REQUEST NO. 21**

All documents referring to, relating to or commenting upon any oral or written communications between Conair and any third party concerning the present litigation, any Marked Product or Accused Product or the subject matter thereof.

**REQUEST NO. 22**

All documents referring to, relating to or commenting upon Conair's document retention policy.

**REQUEST NO. 23**

All documents referring to, relating to or commenting upon the prices, revenues, profits, net profits, net profit margins, costs, gross profits or gross profit margins for each Accused Product and Marked Product made, sold, distributed, marketed or offered for sale by Conair.

**REQUEST NO. 24**

All documents referring to, relating to or commenting upon projections of sales, prices, profitability and profit margins for each Marked Product and Accused Product sold, manufactured, marketed, distributed or offered for sale by Conair.

**REQUEST NO. 25**

All documents referring to, relating to or commenting upon the quantity of Marked Products and Accused Products made, sold, or offered for sale, marketed or distributed by Conair, in total units and total dollar sales, for all time periods available (e.g. monthly, quarterly and yearly) and segregated by customer for the period January 1, 2004 until the present.

10

**REQUEST NO. 26**

For the period January 1, 2004 until the present, all documents referring to, relating to or commenting upon the costs related to each Marked Product and Accused Product made, sold, marketed, distributed or offered for sale by Conair for all time periods available (e.g. monthly, quarterly and yearly) including, but not limited to, fixed costs, variable costs, standard costs, detailed manufacturing costs such as labor, materials and overhead, projections of manufacturing costs, and detailed costs such as general and administrative, selling, advertising, accounting, research and development, and depreciation costs.

**REQUEST NO. 27**

All periodic (e.g. monthly or quarterly) management or operating reports referring to, relating to or commenting upon any Marked Product and Accused Product made, sold, marketed, distributed or offered for sale by Conair, including but not limited to, income statements, balance sheets and operating statistics as well as budgetary information between Conair and any subsidiaries.

**REQUEST NO. 28**

All documents referring to, relating to or commenting upon any agreement, understanding, negotiations or contract between Conair and any third party concerning any Marked Product and Accused Product including, but not limited to, possible licenses, patent licenses, manufacturing agreements, assignments, and covenants not to sue with respect to any such Marked Product and Accused Product.

11

**REQUEST NO. 29**

All documents referring to, relating to or commenting upon any royalty payments, license fees paid or received, by Conair for any aspect of any Marked Product and Accused Product or patent rights relating thereto.

**REQUEST NO. 30**

Documents listing invoice number(s), the invoice date(s), product number(s), customer(s), quantity, purchase order number(s) and price(s) for each Marked Product and Accused Product made, used, sold, marketed, distributed or offered for sale by Conair.

**REQUEST NO. 31**

Charts and other documents relating to Conair's organization which list or identify the persons having responsibility for the functions relating to Conair's making, using or selling of Registration Control System products, including, but not limited to, chief executive officer, chief operating officer, manufacturing, marketing or distribution, advertising, sales, product design, and research and development.

**REQUEST NO. 32**

For each person Conair intends to use as a witness in this case, all documents of such person referring or relating to this case, or any issues in this case, including any matters about which any such person will testify in this case in deposition, at trial or otherwise, all documents reviewed or consulted by or on behalf of such person as a part of any participation in this case, all graphs, charts, models, exhibits, drawings or physicals, upon which such person has relied or upon which any such person intends to rely in this case in deposition, at trial or otherwise, and all things provided to such person, by plaintiff or any agent of defendant (including counsel for

12

defendant), in connection with this case.

## REQUEST NO. 33

For each person Conair intends to use as an expert witness in this case all publications, articles, books or papers authored, co-authored, edited or otherwise generated by such person, all materials or things authored, co-authored, edited or otherwise generated by or on behalf of such person, and which refer or relate to any opinions or testimony of any such person rendered or to be rendered in this case, all transcripts, including all exhibits thereto, of any trial or deposition testimony of such person in any prior litigation, all materials reviewed or consulted by or on behalf of such person as a part of any participation in this case, all graphs, charts, models, exhibits, drawings or physical, upon which such person has relied or upon which any such person intends to rely in deposition, at trial or otherwise in this case, all materials upon which any opinions or testimony of such person in this case are based, all documents or things provided to such person, or any agent of such person, by Conair or any agent of Conair (including Conair's counsel), in connection with this case, and all resumes, curricula vitae or other documents listing the education, experience or training of such person.

Respectfully Submitted,

Date:  8/12/10

Frederick A. Tecce, Esquire
**MCSHEA\TECCE, P.C.**
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, PA 19103
(215) 599-0800
(215) 599-0888 (Fax)
ftecce@mcshea-tecce.com

13

Gavin P. Lentz, Esq
Email: glentz@bochettoandlentz.com
Todd S. McGarvey, Esq
Email:tmcgarvey@bochettoandlentz.com
BOCHETTO & LENTZ, P.C.
1524 Locust Street
Philadelphia, PA 19102
Telephone:  (215) 735-3900
Facsimile:   (215) 735-2455

*Counsel for Plaintiff,*
*Bruce A. Rogers*

14

## CERTIFICATE OF SERVICE

This is to I hereby certify that on this _12 th_ day of August, 2010, I caused a true and correct copy of foregoing Plaintiff Bruce A. Roger's First Set of Requests For Production of Documents Directed to Defendant Conair Corporation to be served *via first-class mail,* upon the following:

> Joshua R. Slavitt, Esquire
> Pepper Hamilton, LLP
> 3000 Two Logan Square
> 18th & Arch Streets
> Philadelphia, PA  19103

Todd S. McGarvey, Esquire

# EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE ROGERS | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO. 10-01497 (CMR) |
| v. | : | |
| | : | |
| CONAIR CORPORATION | : | |
| | : | |
| Defendant. | : | |
| | : | |

## PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT CONAIR CORPORATION

Please take notice that, pursuant to Rule 34 of the Federal Rules of Civil Procedure,

Plaintiff, Bruce Rogers, by and through his undersigned counsel, require Defendant to produce

for inspection and copying the following documents, within the time and manner prescribed by

the aforesaid Rule.

## DEFINITIONS.

For the purposes of these document production requests, the following words, term, or

phrases will have the following meanings:

1.     "All documents" means every document, as that term is defined below, including

the original and all non-identical copies known to you whether different from the originals by

reason of any notation made on such copies or otherwise, and every such document or writing

you can locate or discover by reasonably diligent efforts.

2.     "Control" (including the terms "controlled by" and "under common control with")

means the possession, direct or indirect, alone or with others of the power to direct or cause the

direction of the management and policies of a person, whether through the ownership of voting securities, by contract, or otherwise.

3.     "Lawsuit" refers to the lawsuit styled <u>Bruce Rogers v. Conair Corporation,</u> United States District Court for the Eastern District of Pennsylvania, Civil Action, No. 10-01497.

4.     "Complaint" shall mean Plaintiff's complaint filed in the Lawsuit.

5.     "Rogers" shall mean Bruce A. Rogers, and his agents, officers, employees, representatives and attorneys, including all persons acting on his behalf.

6.     "Conair" shall mean Conair Corporation, and its agents, officers, employees, representatives and attorneys and any predecessor or successor companies, corporation or business entities, which owns or controls or is owned or controlled by it in whole or in part, and the directors, officers, agents, employees and attorneys of any of them, including all persons acting or purporting to act on behalf of, or who are subject to the direction or control of, any of the foregoing.

7.     Unless the context otherwise requires, "you", "You", "your", or "Your," shall mean Conair.

8.     "Marked Product" shall mean any product manufactured, marketed, sold, offered for sale or distributed by Conair bearing any number referencing a United States Patent; any of the words "patent" "patent applied for," "patented," "patent pending;" or any word or number importing that the product is patented or that an application for patent has been made.

9.     "Accused Product" shall mean the products specifically identified in the Complaint.

10.     "Person", "person", "Persons", or "persons" refers to any individual, corporation, firm, trust, partnership, proprietorship, association, joint venture, governmental entity, or other

forms of legal or business entity, public or private..

11.    "Communication" shall mean any exchange, transmission or receipt (whether as listener, addressee, person called or otherwise) of information, whether such exchange, transmission or receipt be oral, written or otherwise, and includes, without limitation, any meeting, conversation, telephone call, letter, telegram, exchange, transmission or receipt of any document of any kind whatsoever.

12.    "Document" means any e-mail, electronic transmission, text, SMS text, handwritten, printed, typed, recorded, photographic, computer generated, or other graphic matter of any kind or nature, however produced or reproduced, including, but not limited to, books, ledgers, notebooks, letters, faxes, telexes, correspondence, telegrams, contracts, agreements notes, memoranda, analyses, reports, projections, charts, graphs, drawings, photographs, videotapes, movies, audiotapes, checks, statements, statements of accounts, inter-office and intra-office communications, offers, notes of conversations, notes of meetings, notes of telephone calls, bulletins, computer programs, computer printouts, teletypes, invoices, work sheets, work papers, diaries, calendars, minutes, reports of investigations, office manuals, and any other communications fixed in a tangible medium, including but not limited to material stored electronically or electromagnetically as well as all mechanical and electronic sound records, or transcripts thereof, from which information can be obtained, as defined by the Federal Rules of Evidence, Rule 1001(1) and (2); "document» shall also include all drafts, alterations, modifications, changes, and amendments of any of the foregoing; A documents shall also include any and all things subject to discovery pursuant to Rule 34(a) of the Federal Rules of Civil Procedure; "document" shall also include all "documents" (as defined herein) now in the possession, custody or control of the defendant, jointly or severally, or in the possession, custody

3

or control of the present or former counsel, agents, employees or others acting on behalf of the defendant, jointly and/or severally, and shall also include all "documents" (as defined herein) known by the defendant, jointly and/or severally, to exist, whether or not ever in the possession of the defendant, jointly or severally; document» shall also include all copies of all documents by whatever means made. Any document bearing on any sheet or side thereof, any marks, including without limitation, initials, stamped indicia, comments or notations of any character which are not part of the original text, or any reproduction thereof, is to be considered a separate document.

13.     "Electronically stored information" refers to information regardless of the medium or database in which it is fixed. As provided in Rule 34, electronically stored information stands on an equal footing with discovery of paper documents and the use of the terms "document" and "documents" herein shall be understood to include electronically stored information.

14.     "Identify" or "identity," when used in reference to a document, shall mean to state the nature of the document (e.g., letter, memorandum, etc.); the date, if any, appearing on the document; the identity of the person(s) who wrote, signed, dictated or otherwise participated in the preparation of the document; the identity of all persons who received copies of the document; and the present location and custodian of the document.

15.     "Identify" or "identity," when used in reference to an individual person, shall mean to state his or her full name, present or last known business address, and residential address if no present business address is known, telephone number and the name of such person's present or last known employer, place of employment and position, and the position during the relevant time period.

4

16.     "Identify" or "identity," when used in reference to an entity, shall mean to state its full and complete name and the present or last known address of its headquarters or principal place of business.

17.     The phrase "referring to or relating to" or "refers to or relates to" in reference to a given subject matter means any information, document or communication that constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to the subject matter, including without limitation documents concerning the presentation of other documents.  The phrase "referring to or relating to" or "refers to or relates to" shall specifically include, but is not limited to, the following items:

(a)     any mention by name or variant of that name of such persons, subject matter, or organization, or account number or other numbers assigned to such person or subject matter;

(b)     all items received from such persons;

(c)     all items sent to such persons;

(d)     all items prepared for such persons;

(e)     all items prepared by such persons;

(f)     all items prepared at the request of such person; and

(g)     all items prepared on behalf of such persons.

## INSTRUCTIONS

1.     All documents and electronically stored information are to be produced in their native format as well as in all non-identical hard copy form.

5

2.      If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not responding to any document request or any part of a document request, set forth all facts upon which such claim of privilege is based., and for each document as to which you claim any form of privilege, identify (i) the date of the document, (ii) the date upon which the document was prepared, (iii) the title or caption of the document, (iv) the form of the document (*e.g.*, letter, memorandum, chart, *etc.*), (v) the subject matter of the document, (vi) the author(s) and/or any and all other persons involved or participating in preparing or drafting the document, (vii) and the recipient(s) of the document or any copy thereof, including all persons to whom the document has been provided or who have it within their possession, custody or control.

3.      If any document responsive to any request has been destroyed or otherwise disposed of, identify (i) any and all persons who participated in, or who were involved in, the decision to destroy such document; (ii) any document retention or destruction policy under which such document was destroyed and any and all persons who participated in, or who were involved in, the formulation of any such policy; (iii) the reason for the destruction of such document, and (iv) the date (or approximate date if precise date is not known) of the destruction of such document.

4.      Except for reference to defined or designated terms, or unless otherwise expressly stated, each of the following document requests should be construed independently and not by reference to any other document request herein for purposes of limitation.

5.      When applicable and unless specifically noted otherwise, the relevant time frame of the following document requests shall be from January 1, 2005, until the date upon which responses thereto are due, and as may be later supplemented, in accordance with the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**Please produce:**

**REQUEST 1:**  Any and all documents exchanged, including but not limited to all communications between Conair and its patent attorneys relating to all patent issues for No-Slip Grip products, including patent prosecution and patent marking issues.

**REQUEST 2:**  Any and all documents exchanged, including but not limited to all communications between Scunci International Inc. and its patent attorneys relating to all patent issues for No-Slip Grip products, including patent prosecution and patent marking issues.

**REQUEST 3:**  All supporting documentation (i.e., invoices, accounting sheets, etc.) that breaks down the financial figures contained in Appendix A to Conair's supplemental response to Plaintiff's requests for production of documents.  The financial figures should be broken down by month and year for each product.

**REQUEST 4:**   Schedule of patents or any other document showing all patents and patent applications transferred from or assigned by Scunci International Inc. to Conair Corporation.

7

**REQUEST 5:**  Any and all documents exchanged, including but not limited to all internal communications between persons working at Conair and/or Scunci International Inc. relating to all patent issues for No-Slip Grip products, including patent prosecution and patent marking issues.

**REQUEST 6:**  All communications between Conair and/or Scunci International Inc. and any person relating to all patent issues for No-Slip Grip products, including patent prosecution and patent marking issues.

WEIR & PARTNERS LLP

By:  *Edward T. Kang/ba*
Edward T. Kang
Attorneys for Plaintiffs

Dated: March 31, 2011

8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE ROGERS | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | NO. 10-01497 (CMR) |
| v. | : | |
| | : | |
| CONAIR CORPORATION | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Edward T. Kang, hereby certify that on March 31, 2011, I did cause Plaintiff's Second

Set of Requests for Production of Documents Addressed to Defendant Conair Corporation to be

served by the following manner indicated below upon:

Joshua R. Slavitt, Esquire
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103
*(via electronic and U.S. First Class Mail)*

WEIR & PARTNERS LLP

By: *Edward T. Kang /k*
EDWARD T. KANG
Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I, Joshua R. Slavitt, hereby certify that on the date set forth below I caused to be served

Defendant Conair Corporation's Motion for a Protective Order Staying All Discovery and

supporting Memorandum of Law, upon counsel for Plaintiff, Bruce A. Rogers, via hand delivery,

as follows:

> Edward T. Kang, Esquire
> Weir & Partners
> The Widener Building, Suit 500
> 1339 Chestnut Street
> Philadelphia, PA  19107

Dated: April 8, 2011                    */s/ Joshua R. Slavitt*
                                        Joshua R. Slavitt