**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRUCE ROGERS | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | NO. 10-01497 (CMR) |
| v. | : | |
| | : | |
| CONAIR CORPORATION | : | |
| | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO CONAIR CORPORATION'S**
**MOTION FOR A PROTECTIVE ORDER (DOCKET NO. 38)**

This Court should deny Conair Corporation's ("Conair") motion for a protective order because there is no indication that Conair will suffer any harm warranting the exceptional imposition of a stay of all discovery.  The sanctioning of such a drastic protective measure in the absence of a demonstration of a clearly defined, specific, and serious injury, not only contravenes Rule 26(c) and well-established Third Circuit law, but also undermines the fundamental policy towards broad and unfettered discovery demanded by the Federal Rules. Because Conair has not (indeed, cannot) demonstrate good cause, this Court must reject Conair's latest attempt to evade its discovery obligations and deny its motion.

**I.    FACTS**

During the course of this false marking case, Bruce Rogers's ("Rogers") diligent attempts to exercise his right to discovery have been hampered and frustrated by Conair's misconduct. Those discovery efforts include propounding various interrogatories and document requests, tailored to gather information relating to the false marking of the articles in question, as well as

scheduling the depositions of three Conair employees involved in the decisions to falsely mark the products to occur on April 14th, April 15th, and April 29th.

As a result of Conair's repeated failures to comply with its discovery obligations, Rogers filed a motion to compel responses to his interrogatories and document requests and for sanctions on April 1, 2011, which is currently pending (Docket No. 35).[1]  On April 7, 2011, Conair filed a motion for judgment on the pleadings in reliance upon a March 15, 2011 Federal Circuit decision[2] addressing the pleading requirements for the intent to deceive element of the false marking statute, 35 U.S.C. § 292 (Docket No. 37).  The next day, on April 8, 2011, Conair filed the instant motion for a protective order seeking to stay all discovery in the matter until adjudication of its Rule 12(c) motion (Docket No. 38).

On the evening of April 11, 2011, Conair sought interim relief from the Court to stay the depositions that had been scheduled to take place on April 14th and 15th.  Without hearing from the Court on this issue, Conair unilaterally canceled the depositions by an email sent in the evening on April 13th.  Furthermore, despite the Court's ultimate denial of Conair's interim request to stay discovery on April 14th, Conair still refused to go forward with the deposition that had been scheduled for April 15th and refuses to participate in any further discovery.

## II.    LEGAL STANDARD

Under Rule 26(c), the federal courts have discretion to issue protective orders that impose restrictions on the extent and manner of discovery where necessary to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense.  *Pearson v. Miller*, 211

---

[1] Although it moved for a protective order on April 8, 2011, a week after the motion to compel and for sanctions was filed, Conair has not answered the motion to compel and for sanctions.  Given the response period has expired, the motion to compel and for sanctions is ripe for determination.

[2] *In re BP Lubricants USA Inc*, ___ F.3d ___, 2011 WL 873147 (Fed. Cir. Mar. 15, 2011).

F.3d 57, 65 (3d Cir. 2000). Issuance of a protective order under Rule 26(c) requires a showing of "good cause." *Shingara v. Skiles,* 420 F.3d 301, 305-06 (3d Cir. 2005).

Rule 26(c) places the burden of persuasion on the party seeking the protective order to prove the existence of good cause. *Cipollone v. Liggett Group,* 785 F.2d 1108, 1114 (3d Cir. 1986). To fulfill this burden, the moving party must demonstrate that the discovery sought to be protected would result in a "clearly defined, specific and serious injury." *Shingara*, 420 F.3d at 306 (citing *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786-87 (3d Cir. 1994)).

For this purpose, "broad allegations of harm, unsubstantiated by specific examples or articulated reasons do not support a good cause." *Id.* (quoting *Cipollone,* 785 F.2d at 1121.) In addition to determining whether "good cause" has been demonstrated, courts have adopted a balancing process whereby "the requesting party's need for information [is balanced] against the injury that might result if uncontrolled disclosure is compelled." *Pansy*, 23 F.3d at 787. Indeed, a protective order is an exceptional form of relief, to be granted only where the most serious prejudice is threatened. *Bryan v. Pep Boys-Manny, Moe and Jack*, 2000 WL 1367600, *1 (E.D.Pa. 2000) (Hutton, J.).

## III.   ARGUMENT

The Court should deny the motion because Conair failed to demonstrate "good cause" as required. In fact and without analysis of the *Pansy* standard or even an allegation that discovery sought by Rogers in any way harms Conair, Conair contends, conclusively, that the Court should grant the exceptional relief of staying all further discovery in this case solely because its Rule 12(c) motion *may* dispose of the action without the need for further discovery. (Memorandum at pp. 2-3). This remote possibility, however, is not a proper basis for a wholesale stay of discovery.

**A.      The Rule 12(c) Motion Does Not Constitute Good Cause To Stay Discovery.**

The filing of a motion to dismiss, *per se*, does not constitute good cause to stay

discovery. *See, e.g., Coca-Cola Bottling Co. of Lehigh Valley v. Grol*, 1993 WL 13139559, *2

(E.D.Pa. 1993) (Huyett, J.) ("A court should not automatically stay discovery pending a motion

to dismiss under Rule 12(b).") (citations omitted). *See also Keystone Coke Co. v. Pasquale*,

1999 WL 46622, *1 (E.D.Pa. 1999) (Waldman, J.).  In effect, "[m]otions to stay discovery are

not favored because when discovery is delayed or prolonged it can create case management

problems which impede the court's responsibility to expedite discovery and cause unnecessary

litigation expenses and problems." *Coca-Cola*, 1993 WL 13139559 at *2.

Where there is a motion to dismiss for failure to state a claim upon which relief can be

granted, the court should take a preliminary look at the allegedly dispositive motion to see

whether it is a challenge as a matter of law or to the sufficiency of the allegations.  *Coca-Cola*,

1993 WL 13139559 at *2 (citing *Hachette Distribution, Inc. v. Hudson County News Co.*, 136

F.R.D. 356, 358 (E.D.N.Y. 1991)).  Where the motion merely addresses the sufficiency of the

complaint, "resolution of the pending motion is not necessarily dispositive because the pleadings

may be amended to correct the deficiencies." *Id.* (quoting *Simpson v. Specialty Retail Concepts,

Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)).

In *Coca-Cola,* the defendant argued that a stay of discovery was appropriate during the

pendency of his motion to dismiss for failure to state a claim upon which relief can be granted.

Employing the foregoing principles, the court found that a preliminary look at the motion to

dismiss revealed that, on the whole, the motion challenged the sufficiency of the allegations of

the complaint and particularly concerned what a plaintiff must prove in a RICO action compared

to what a plaintiff must plead in a complaint. *Id.* at *3.  In denying the motion for a protective

order, the court took special import of the fact that the motion to dismiss may not be dispositive because even if granted, the plaintiff would have the opportunity to amend the complaint. *Id.*

Similarly, this Court should deny Conair's motion for a protective order because its motion for judgment on the pleadings, the basis of its motion for a protective order, merely challenges the sufficiency of Rogers's allegations under Rule 9(b). Specifically, Conair argues that Rogers failed to plead the intent to deceive element with particularity under Rule 9(b) in light of the March 15, 2011 decision in *In re BP Lubricants*.[3] Putting aside, for the moment, the fallacy of this argument, if the Court were inclined to grant the motion for judgment on the pleadings, Rogers would likely be given an opportunity to amend his complaint, which was filed almost a year before the decision in *In re BP Lubricants*.

As aptly noted by the Federal Circuit in *In re BP Lubricants*, district courts are "admonished to freely give leave to amend the pleadings when justice so requires" and that, ordinarily, complaints dismissed under Rule 9(b) are dismissed with leave to amend. 2011 WL 873147 at *5 (citations omitted). The court went on to state that it was "particularly appropriate" to allow leave to amend as the court had not previously opined on the applicability of Rule 9(b) to false marking claims. *Id.* Given the liberal policy of granting leave to amend under such circumstances, irrespective of the merits of Conair's Rule 12(c) motion, it does not constitute an appropriate basis to stay discovery.

Conair's reliance upon *Weisman v. Mediq, Inc.*, 1995 WL 273678 (E.D.Pa. 1995) (Rendell, J.) as "instructive" in urging this Court to grant a wholesale stay of discovery is wholly misplaced. (Memorandum at p. 4). While the court in *Weisman* did grant a partial stay of

---

[3] Before this decision, there was split authority on the requisite pleading standard. *See e.g.*, *Hollander v. Etymotic Research, Inc.*, 726 F.Supp.2d 543, 555 (E.D.Pa. 2010) (noting differing opinions on pleading standard for § 292 claim).

discovery pending the resolution of a motion to dismiss, Conair critically fails to mention that the

stay was limited in scope. *Weisman*, 1995 WL 273678 at *2. There, the court explicitly refused

to grant a wholesale stay of discovery, noting "I will not allow defendants to avoid their

responsibility to produce their self-executing discovery . . . plaintiff has fulfilled his duty of

disclosure, made his demand, and is entitled to reciprocity." *Id.*

      The case is further distinguishable given its procedural posture and the substance of the

motion to dismiss. Unlike the case at bar, which has been pending for over a year and subject to

a looming discovery deadline, the partial stay of discovery in *Weisman* was granted

approximately one month into the case. *Id.* at *1. Moreover, unlike Conair's challenge to the

sufficiency of Rogers's allegations, the court in *Weisman* found the motion before it to be a

comprehensive challenge with respect to both the federal and state claims asserted therein. *Id.* at

*2. Accordingly, *Weisman* neither mandates nor supports Conair's bald assertion that good

cause exists to warrant entry of a wholesale stay of discovery.

      Furthermore, although the Court need not reach the substance of Conair's Rule 12(c)

motion to conclude that good cause is lacking, it bears mentioning that Conair's motion should

be denied because Rogers has pled the intent to deceive element with the required particularity

under Rule 9(b) to sustain his false marking claim. The Federal Circuit stated in *In re BP

Lubricants* that "the combination of a false statement and knowledge that the statement was false

creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving

such intent." *In re BP Lubricants*, 2011 WL 873147, *4 (quoting *Pequignot v. Solo Cup Co.*,

608 F.3d 1356, 1362-63 (Fed. Cir. 2010)). The court went on to state, however, to satisfy the

Rule 9(b) pleading standard, the plaintiff "must [also] show 'a purpose of deceit...'" *Id.*

      *In re BP Lubricants* further illustrated at least three examples of how a plaintiff can meet

the minimum threshold of "particularity" under Rule 9(b).  Under these examples, a plaintiff can satisfy the Rule 9(b) pleading standard by: (1) "identifying actual individuals who knew the patent expired," (2) "alleg[ing] that the defendant sued a third party for infringement of the patent after the patent expired," or (3) alleging that the defendant "made multiple revisions of the marking after expiration."  *Id.*

In the present action, the complaint identifies at least three individuals and one law firm all working for Conair who knew Conair's patent applications were abandoned.  (*See* exhibits "A" – "D" to the complaint).  Particularly, on November 14, 2007, the U.S. Patent and Trademark Office sent a notice of abandonment for U.S. Patent Application No. 10/264,614 to "Lawrence Cruz" of "Conair Corporation."  (Exhibit "B" to the complaint).  As alleged in the complaint, that application was the last pending patent application for Conair.  Despite having received a notice of abandonment for its last remaining pending patent application and knowing that its products were no longer covered by any patent application, Conair continued to mark its products as covered by "U.S. and International Patent[s]" applications *millions of times*. (Compl. ¶ 15).

Based on the foregoing, it is highly unlikely the Court would grant Conair's motion for judgment on the pleadings.  Even if the Court were inclined to grant the motion in any respect, it should "freely give leave to amend the pleadings when justice so requires."  *In re BP Lubricants*, 2011 WL 873147 at *5.

In sum, the filing of Conair's motion under Rule 9(b), *per se*, does not constitute good cause to stay discovery because it will not dispose of the litigation.   A wholesale stay of discovery at this stage in the proceedings would accomplish nothing more than delaying the inevitable necessity of conducting the discovery at a later date, while prejudicing Rogers's ability

to compel Conair's participation therein.  The Court should deny the motion for a protective

order.

**B.      There Is No Indication That Conair Will Suffer Any Harm Warranting The
          Exceptional Imposition Of A Stay Of All Discovery.**

As noted above, the federal courts have the discretion to issue protective orders upon a

showing of good cause.  "Good cause," however, requires a showing of a particular need for

protection by pointing to "substantiated specific examples" of "a defined and serious injury."

*Worldcom Technologies and MCI v. Intelnet et al.*, 2002 WL 1971256, *6 (E.D.Pa. 2002) (Giles,

J.) (citing *Pearson v. Miller*, 211 F.3d at 72; quoting *Doe v. Provident Mutual Life and Accident

Ins. Co.* 176 F.R.D. 464, 469 (E.D.Pa. 1997)).  Furthermore, our court has noted that,

> [T]he determination of whether good cause does or does not exist
> must be based upon appropriate testimony and other factual data,
> not the unsupported contentions and conclusions of counsel.

*Davis v. Romney*, 55 F.R.D. 337, 340 (E.D.Pa. 1972).

In the case at bar, there is no demonstration of harm or injury whatsoever, let alone the

kind of serious injury required to establish good cause.  Instead, there are only counsel's

conclusive speculations that a stay of discovery will save time and money for the parties while

"conserve[ing] judicial resources, as it will avoid, at least for now and maybe forever, the need

for the Court to decide any potential discovery issues." (Memorandum at pp. 6-7).[4]  Even if true

(which Rogers disputes), none of these contentions and assertions is supported by anything other

than counsel's conclusory argument and none sets forth a valid basis for this Court to conclude

that good cause exists.

---

[4] Conair's counsel has made a strikingly similar request to the Court before.  After filing a motion to stay
all proceedings, including discovery on June 24, 2010 (the "first motion to stay") (Docket No. 10),
counsel sent a letter dated July 8, 2010 to the Court (Docket No. 14) requesting that, in light of the first
motion to stay, the Court adjourn the Rule 16 conference scheduled in the matter.  In his letter, defense
counsel argued that "an adjournment of the presently scheduled Rule 16 Conference would best **conserve
valuable judicial resources.**"  (Emphasis added.)  The Court denied the request (Docket No. 15).

The sanctioning of such a drastic protective measure in the absence of a demonstration of a clearly defined, specific, and serious injury, not only contravenes black-letter law, but also undermines the fundamental policy towards broad and unfettered discovery demanded by the Federal Rules. *See Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Because Conair has made no substantiated showing that it has or will suffer injury, let alone serious injury, absent a protective order, this Court must deny the motion for a protective order.

### C.    Conair Has Consistently Failed To Comply With Its Discovery Obligations.

On April 1, 2011, as a result of Conair's consistent failures to comply with its discovery obligations, Rogers filed a motion to compel responses to his interrogatories and document requests and for sanctions, which is currently pending (Docket No. 35). Conair's response to the motion to compel was due on April 15, 2011.[5] Conair has not responded to the motion to compel and for sanctions as of today, and the Court should enter an order granting the motion as uncontested.

In addition to its failures to respond to the motion to compel or the underlying discovery requests thereto, Conair has repeatedly failed to comply with its discovery obligations as evidenced by the following instances:

- On February 21, 2011 at 4:45 p.m., defense counsel sent an e-mail to Plaintiff's counsel requesting a postponement of the deposition of Diana Menaged (a former employee of Conair) scheduled for February 22, 2011 at 10:00 a.m. Plaintiff's counsel accommodated the request, and, as a result, Ms. Menaged's deposition was postponed to March 10, 2011 at 10:00 a.m.

---

[5] With the additional 3 days provided under Rule 6(d), Conair's response to the motion to compel was due on April 18, 2011.

9

- On March 10, 2011 at 10:00 a.m., the date and time for Ms. Menaged's *rescheduled* deposition, defense counsel called Plaintiff's counsel and cancelled the deposition. Both Plaintiff and his counsel attended the deposition that day and wasted their time waiting for defense counsel and the witness to appear (a former employee that defense counsel stated he was representing for purposes of the deposition).

- On February 15, 2011, after several unsuccessful attempts to work out a resolution with defense counsel on Conair's confidentiality designations without seeking the Court's assistance, Plaintiff's counsel finally wrote to the Honorable Cynthia M. Rufe to address Conair's improper designation of the documents it produced. The dispute arose as a result of Conair's designating *all* of its documents with the designation "CONFIDENTIAL – FOR COUNSEL ONLY," which precluded Plaintiff himself from reviewing any of the documents. Only after the Court referred this discovery dispute to Magistrate Judge Wells (Docket No. 32) and only one day before the scheduled conference with Judge Wells (scheduled for March 18, 2011) did Conair finally agree to remove their improper designations on certain documents it produced.

- On February 23, 2011 at 3:47 p.m., defense counsel sent an e-mail to Plaintiff's counsel requesting a postponement of the deposition of Mary LaFauci (a former employee of Conair that defense counsel was representing for purposes of the deposition) scheduled for February 25, 2011 at 10:00 a.m. Plaintiff's counsel accommodated the request, and the deposition eventually took place on March 14, 2011.

10

- On February 1, 2011, Rogers sent a notice of deposition for Conair's corporate designee(s) including requests for documents. The notice of deposition was amended to accommodate Conair's "scheduling issues" and to provide more time to produce the documents requested. As of this date, Conair has not produced any of the documents requested in the notice or amended notice, including the acquisition agreement between Scunci International Inc. (Scunci was the original "inventor" of the accused products, and Conair acquired Scunci in 2005) and Conair, which would reflect the intellectual property relating to the accused products that Scunci transferred to Conair. Given the nature of the action, Conair should have identified the acquisition agreement and other similar documents between Scunci and Conair under Rule 26 automatic disclosures, which it did not.

These are just some of Conair's blatant breach of its discovery obligations. As a result of Conair's repeated failures to participate in discovery and, instead, improperly seeking a stay of discovery,[6] the parties had to twice request an extension of discovery. In fact, despite having been over a year since the commencement of the action and despite Plaintiff's repeated attempts to schedule the depositions of various Conair witnesses, Plaintiff was able to finish only two depositions: the depositions of non-parties, former Conair employees Ms. Menaged and Ms. LaFauci (both of whom were identified by Conair in its Rule 26 Disclosure as having relevant information).

---

[6] The present motion for a protective order represents the second time Conair moved to stay discovery. Conair had filed a motion to stay all proceedings, including discovery on June 24, 2010 (docket no. 10), arguing that the case should be stayed *indefinitely* until the Federal Circuit ruled on then-pending case, *Stauffer v. Brooks Brothers*.

In light of Conair's habitual attempts to obstruct discovery and without its showing good cause, the motion for a protective order is just that: another attempt to obstruct discovery.

### D.   Conair Should Be Sanctioned For Its Unjustified Motion For Protective Order And Continuing Refusal To Participate In Discovery.

Rule 37 of the Federal Rules of Civil Procedure provides the framework for a court to impose sanctions for a party's failure to cooperate in discovery.  The court has discretion under Rules 26(c) and 37(a)(5) to require the losing party on a motion for a protective order to pay the expenses incurred in relation to the motion.  FRCP 26(c)(3) ("Rule 37(a)(5) applies to the award of expenses.").  *See also* 8A Fed. Prac. & Proc. Civ. § 2035 (3d ed.).

Here, there is no excuse for Conair's continuing refusal to participate in discovery and, instead, improperly seeking a stay of discovery by way of the instant motion for a protective order.  Conair's refusal to honor the Court's April 14th instruction to go forward with discovery following the denial of its interim request to stay the April 14th and April 15th depositions is further evidence that the motion for protective order was not filed in good faith or with good cause.  Rather, it was filed for the sole purpose of obstructing discovery and immediately providing Conair a colorable basis for it to refuse to go forward with the scheduled depositions.  Conair's recent argument that the motion provides a "safe harbor" from sanctions for refusing to go forward with the depositions is belied by its own conduct.[7]  If that had been true, there presumably would have been no reason to request an interim stay in the first place.

Simply put, ostensibly seeking the Court's instruction, but then ignoring that instruction when it turns out to be unfavorable, precludes Conair's entitlement to any "safe harbor" under the Federal Rules for its repeated failures to participate in discovery.  Because the filing of the motion for protective order is not supported by any showing of good cause, Rogers respectfully

---

[7] *See* Defense counsel's correspondence to the Court dated April 20, 2011.

requests the Court award Rogers expenses for twenty-five hundred dollars ($2,500), a reasonable sum incurred in connection with the preparation and filing of the instant opposition to the motion for a protective order.

## IV.     CONCLUSION

For the forgoing reasons, Bruce Rogers respectfully requests this Court to deny Conair Corporation's motion for a protective order and enter the order in the form proposed.

Respectfully submitted,

WEIR & PARTNERS LLP

By:     _____/s/ Edward T. Kang_____
Edward T. Kang
The Widener Building, Suite 500
1339 Chestnut Street
Philadelphia, PA 19107
215-665-8181
215-665-8464 (fax)
ekang@weirpartners.com
Counsel for Plaintiff