IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE A. ROGERS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 2:10-cv-01497-CMR |
| CONAIR CORPORATION, | : |
| Defendant. | : |

**DEFENDANT CONAIR CORPORATION'S MOTION
FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT
OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, Conair Corporation ("Conair"), by and through its counsel, hereby moves this Honorable Court for leave to file the attached Reply Brief in support of its Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) (Dkt. No. 37). In opposing Conair's motion, Plaintiff, Bruce A. Rogers ("Rogers"), relies on notices of abandonment concerning four patent applications that are attached as exhibits to the Complaint. By his reliance upon these exhibits, Rogers concedes that his allegations in the Complaint are inadequate to provide the requisite degree of particularity demanded by Rule 9(b) for false marking claims under 35 U.S.C. § 292. And yet, as explained in the proposed Reply Brief (attached hereto as Exhibit A), the notices of abandonment attached to the Complaint are equally inadequate in alleging intent to deceive under 35 U.S.C. § 292. Conair believes that consideration of the proposed Reply Brief is therefore necessary for a more complete understanding the legal insignificance of Rogers's

argument in considering Conair's motion.  Accordingly, Conair respectfully submits that the proposed Reply Brief should be considered.

                                Respectfully submitted,

                                PEPPER HAMILTON LLP

Dated:  May 2, 2011         By:  */Joshua R. Slavitt/*
                                Joshua R. Slavitt
                                3000 Two Logan Square
                                Philadelphia, PA 19103
                                (215) 981-4000
                                (215) 981-4750 (fax)

                                Attorneys for Defendant
                                Conair Corporation

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRUCE A. ROGERS,  :
:
                Plaintiff,  :
:
v.  : Civil Action No. 2:10-cv-01497-CMR
:
CONAIR CORPORATION,  :
:
                Defendant.  :
:

**DEFENDANT CONAIR CORPORATION'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS**

## I. INTRODUCTION

In his response to the motion of Conair Corporation ("Conair") for judgment on the pleadings (Dkt. No. 37), Plaintiff, Bruce Rogers ("Rogers"), seeks to support his allegation that Conair falsely marked its products with intent to deceive the public by reliance upon Conair's receipt of notices of abandonment concerning four separate patent applications. Without more, however, these notices are insufficient to establish that Conair knew that its patent markings were false, let alone that these markings were done with intent to deceive the public. Rogers fails to allege those missing facts.

It is important to note that Conair marked its products "patents pending" rather than with any particular patent application numbers. Moreover, while Rogers makes the bare assertion that the four identified patent applications were Conair's only pending patent applications relating to No-Slip Grip products, Rogers fails to allege any *facts* to support this conclusion. Without alleging such facts, the notices of the abandonment of the four identified patent applications are

-1-

insufficient to establish knowledge that the markings were false.  Rogers glosses over this key missing allegation by misapplying the guidance of the Federal Circuit in *In re BP Lubricants USA Inc.*, 2011 U.S. App. LEXIS 5015 (Fed. Cir. March 15, 2011).  Accordingly, the notices of abandonment attached to by Rogers's complaint are insufficient support a conclusion that Conair knew that its patent markings were false.

## II.     ARGUMENT

"Rule 9(b) requires a plaintiff to plead in detail 'the specific who, what, when, where, and how' of the alleged fraud" *In re BP Lubricants USA Inc.*, 2011 U.S. App. LEXIS 5015 at *4.  In other words, a *qui tam* relator must tell a story in his complaint that shows a defendant falsely marked goods "for the purpose of deceiving the public." 35 U.S.C. § 292(a).  "[T]he bar for proving deceptive intent in false marking cases is particularly high, requiring that relator show a purpose of deceit, rather than simply knowledge that a statement is false." *In re BP Lubricants USA Inc.*, 2011 U.S. App. LEXIS 5015 at *Id.* *12-13.

The only factual allegations Rogers makes in the Complaint that Conair's markings are false is fact that he, Rogers, conducted a search, and that Conair agents received notice that four applications had gone abandoned.[1]  Complaint at ¶¶ 7-10, 14.  These facts, without more, fail to show that Conair knew that its patent markings were false, let alone reveal a purposeful deceit.

### A.     Notices of Abandonment Are Not Notice That "Patents Pending" Was False

Conair's allegedly false patent marking – "U.S. and International Patents Pending" – is a form of patent marking that is not specific to a particular patent application, and products so marked can be covered by multiple applications.  Because Conair did not mark its products with

---

[1] Certainly, Rogers's failure to find pending patent applications does not reflect the knowledge of anyone at Conair and cannot be imputed to anyone at Conair.

reference to any particular patent application, receiving notice that any given patent application had gone abandoned, without more, could not give the recipient thereof actual knowledge that products marked "patents pending" were not properly marked.  The recipient would only know that *those* patent applications were no longer pending.  Rogers fails to plead this additional information.  At best, Rogers has alleged facts sufficient to raise a claim of negligence.  *In re BP Lubricants USA Inc*., 2011 U.S. App. LEXIS 5015 at *7 ("Permitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication for claims that do little more than speculate that the defendant engaged in more than negligent action,").  Rogers, therefore, has failed to plead enough facts to show knowledge of falsity.  This is insufficient to bring a false marking claim,

### B. Rogers Fails to Plead Facts Necessary to Show That Conair Knew "Patents Pending" Was False

Rogers failed to plead facts necessary to make the logical leap from knowledge that "these particular applications are no longer pending" to "there are no patents pending."  Without facts to support this assertion, Rogers is not entitled to this leap of logic simply because he makes a bare assertion of falsity and intent.  *In re BP Lubricants USA Inc*., 2011 U.S. App. LEXIS 5015 at *10 ("Conclusory allegations…are not entitled to an assumption of truth at any stage in litigation," *Citing Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1952, (2009),).

Rogers has failed to plead *any* facts to support a conclusion that Conair's agents knew that there were no other patent applications pending once the four applications Rogers identifies went abandoned.  Without this necessary piece of the puzzle, knowledge of the expiration of these four patent applications is irrelevant and insufficient to show intent to deceive.  Without *facts* that show the recipient of the last of the notices of abandonment knew that the statement "patents pending" ceased to be true, Rogers cannot meet the heightened pleading standard of

Rule 9(b).  *In re BP Lubricants USA Inc*., 2011 U.S. App. LEXIS 5015 at *7.  Rogers fails to identify who knew that these four applications were the totality of all "U.S. and International Patents Pending," or to indentify specific facts to support a conclusion of this alleged totality.

Without facts to establish that these four patent applications represented all of Conair's efforts to patent No-Slip Grip products, Rogers' assertion that Conair had the intent to deceive the public is no different from the "bare assertion" that Conair "knew or should have known" it no longer had patents pending.  *Id.* at *1 ("[A] complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the patent expired.")

      **C.**     **Rogers Incorrectly Applies the Guidance in *BP Lubricants*.**

Rogers attempts to bridge his gap in logic through a strained reading of the guidance in *BP Lubricants.*  Specifically, in *BP Lubricants*, the Federal Circuit contemplates that a plaintiff could meet the requirements of Rule 9(b) by "identifying actual individuals ***who knew the patent expired***."  *In re BP Lubricants USA Inc*., 2011 U.S. App. LEXIS 5015 at *11, emphasis added.  Rogers's complaint, however, does not do this.

In *BP Lubricants*, unlike here, the defendant marked its products with ***specific patent numbers***.  *In re BP Lubricants USA Inc*., 2011 U.S. App. LEXIS 5015 at *1.  Accordingly, actual notice of the expiration of those specific patents would be sufficient to show knowledge that markings using those particular patent numbers were false.  *Id.* at *11.  Conair, on the other hand, marked its products as "***US and International Patents Pending***."  Thus, when Conair's agents received notice that certain U.S. patent applications had gone abandoned, they could not be charged with knowing, *one way or the other*, if the "patents pending" marking had become false.

-4-

Accordingly, Rogers's reliance on identification of the individuals that received each of the notices of abandonment of the four identified patent applications does **not** comply with the guidance of the Federal Circuit that "identifying actual individuals who knew the patent expired" is sufficient for pleading a false marking claim.

### C. Rogers Allegations of Knowledge of Falsity Are Insufficient To Show Intent To Deceive the Public.

Even if Rogers were entitled to an inference that the attorneys receiving the notices of abandonment knew that these were the only pending applications, which he is not, Rogers's allegations would still be insufficient to plead intent on the part of Conair. *In re BP Lubricants USA Inc.*, 2011 U.S. App. LEXIS 5015 at *11 ("the combination of a false statement and knowledge that the statement was false" "does not, standing alone, satisfy Rule 9(b)'s particularity requirement,").

Rogers does not allege any facts that suggest the individuals receiving the notices of abandonment were involved in marking any of the products or even aware that the "patents pending" marking was occurring. Similarly, nothing Rogers alleges permits an inference that the individuals at Conair involved in the decisions to mark products had any knowledge of the status of the patent applications.[2] Without alleging a link between the person receiving notice and the decision to mark the products, Rogers's allegations are consistent with mere negligence, which is insufficient to allege intent to deceive the public. *In re BP Lubricants USA Inc.*, 2011 U.S. App. LEXIS 5015 at *7 ("without meeting the particularity requirement of *Rule 9(b)* would sanction

---

[2] Rogers alleges, for the first time, in his responsive brief that he can allege facts related to changes in product packaging. The Complaint, however, is devoid of such allegations, and thus they should be ignored for purposes of this motion.

discovery and adjudication for claims that do little more than speculate that the defendant engaged in more than negligent action,").

Several district courts have dismissed or summarily adjudicated false marking claims with allegations that share the same infirmities as the Complaint in this case.  *See Hollander v. Timex Group USA, Inc.,* 10-cv-00429 (E.D. Pa. April 13, 2011) (dismissing false marking complaint where it failed to "connect the dots" between the attorney having knowledge of patent status and the patent marking on the accused products); *Heathcote Holdings Corp., Inc. v. William K. Walthers, Inc.*, No. 9-c-6722 (N.D.Ill. March 11, 2011) (granting summary judgment in favor of false marking defendant, where there was no evidence that attorneys charged with knowledge of the status of patents were involved in the product packaging design).[3]

Even if Rogers can show the notices of abandonment gave certain legal agents of Conair that no patents remained pending, Rogers fails to connect the dots with the decision to mark Conair's products as "patents pending."  Accordingly, Rogers is not entitled to an inference that Conair marked its products with the intent to deceive the public or even with knowledge of alleged falsity.

## III.   CONCLUSION

Taking all of the allegations of the Complaint as true, Rogers has offered only conclusory statements about Conair's alleged intent to deceive the public.  Accordingly, for the foregoing

---

[3] *See also Simonian v. Playtex Products, LLC,* 10-c-1455 (N.D. Ill. April 11, 2011) (dismissing false marking complaint, because allegations consistent with "negligent monitoring of the marker's products" is insufficient to show intent to deceive the public); *North Texas Patent Group, Inc. v. Manhattan Group LLC,* 3:10-cv-1312 (N.D. Tex. April 15, 2012) (dismissing false marking complaint where the defendant "may have been knowledgeable of the scope of the patent-at-issue, but merely negligent in its misapplication,"); *Patent Compliance Group, Inc. v. Wright Medical Technology, Inc.*, 2010 WL 5184344 (dismissing false marking complaint where marking could have been inadvertent).

reasons, Defendant Conair respectfully requests that this Court grant this motion for judgment on the pleadings.

Respectfully submitted,

PEPPER HAMILTON LLP

Dated: May 2, 2011   By: _____/Joshua R. Slavitt/_____
Joshua R. Slavitt
3000 Two Logan Square
Philadelphia, PA 19103
(215) 981-4000
(215) 981-4750 (fax)

Attorneys for Defendant
Conair Corporation

-8-

## **CERTIFICATE OF SERVICE**

     I, Joshua R. Slavitt, hereby certify that on the date set forth below I caused to be served Defendant Conair Corporation's Motion for Leave to File a Reply Brief in Support of its Motion for Judgment on the Pleadings, upon counsel for Plaintiff, Bruce A. Rogers, via CM/ECF notification.


Dated  May 2, 2011                By:     */Joshua R. Slavitt/*
                                           Joshua R. Slavitt