# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE ROGERS, | : | CIVIL ACTION |
| Plaintiff | : | 10-1497 |
| | : | |
| v. | : | |
| | : | |
| CONAIR CORP., | : | |
| Defendant | : | |
| | : | |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                    **May 12, 2011**

      Defendant has filed a Motion for Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c), more than a year after Plaintiff's Complaint was filed and well into the fact discovery period, in light of a recent decision by the Federal Circuit which holds that elements of false marking claims under 35 U.S.C. § 292 must be pled with particularity. Plaintiff responds that his pleadings are sufficient, even under this heightened standard. In the alternative, Plaintiff asks for leave to amend the Complaint. For the reasons set forth below, Defendant's Motion is denied.

**Factual Background**

      Plaintiff sells hair accessories. Defendant produces and markets No-Slip Grip products under the Scunci brand name. In the Complaint, Plaintiff alleges that these products have not been successfully patented, although Conair has attempted to patent its hair clips. Plaintiff alleges that Conair received at least four written notices from the United States Patent and Trademark Office (PTO), noting that its applications for four separate hair-clip patents had been

1

abandoned. These notices were received between January 2005 and November 2007, and copies were attached to the Complaint.[1] Conair did not file any additional patent applications relating to the products at issue after receiving the November 14, 2007 notice from the PTO. Plaintiff specifically alleges that "a diligent patent search has revealed that the Defendant's claim of having a patent or patent pending on its No-Slip Grip hair products is false . . . ."[2]

Despite the lack of patents or pending patent applications, Plaintiff alleges that Defendant continued to mark the packages for its products with the words "U.S. and International Patents Pending" after receiving the last notice from the PTO in November 2007. In his reply brief, Plaintiff bolsters this allegation with the information that Conair made hundreds of packaging revisions after abandoning the patent applications in November 2007, but continued to mark packages "Patent Pending" until three weeks after Rogers filed his complaint in this case. In addition, the Complaint alleges that the Conair website continued to note that the Scunci products in question were patented long after the November 14, 2007 PTO notice was received.

Plaintiff brings a one count complaint, alleging that such false and misleading markings violate federal law, 35 U.S.C. § 292. Plaintiff further alleges that such markings stifle competition, hurting consumers and sellers of hair accessories.

**Standard of Review**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is reviewed using the same standard as a 12(b)(6) motion.[3] A defendant bears the burden

---

[1] Two of the notices were sent to counsel for Conair, and two were sent directly to employees at Conair.

[2] Compl. ¶ 14.

[3] Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004).

2

of demonstrating that the Plaintiff has not stated a claim.[4] Dismissal for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief.[5] In determining whether a motion for judgment on the pleadings is appropriate the court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[6] On a 12(c) motion, the Court may also consider the answer and written instruments attached to the pleadings.[7] Courts are not bound to accept as true legal conclusions couched as factual allegations.[8] Something more than a mere *possibility* of a claim must be alleged; the plaintiff must allege "enough facts to state a claim for relief that is plausible on its face."[9] The Complaint must set forth direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.[10]

Under the standard set forth in the recently decided BP Lubricants U.S.A., Inc.,[11] in a false-marking case such as this one, plaintiffs must also meet the particularity requirements of

---

[4] Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

[5] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007).

[6] ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. January 24, 2008).

[7] Churchill v. Star Enter., 3 F.Supp.2d 625, 626 (E.D.Pa. 1998); Mele v. Federal Reserve Bank of New York, 359 F.3d 251, 256 n.5 (3d Cir. 2004).

[8] Twombly, 550 U.S. at 555.

[9] Id. at 570.

[10] Id. at 562-63.

[11] Case No. 960, 2011 WL 873147 (Fed. Cir. Mar. 15, 2011).

Federal Rule of Civil Procedure 9(b).[12] This includes a requirement that plaintiffs allege sufficient underlying facts from which a court may reasonably infer that the party acted with the state of mind required under § 292.[13]

**Discussion**

The false marking statute, 35 U.S.C. § 292, provides civil penalties, in the form of statutory damages, for manufacturers who "use the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public" when that item is, in fact, unpatented. Defendant does not challenge Plaintiff's allegation that it made false patent markings; at issue here is whether Plaintiff sufficiently pled facts alleging that Defendant acted for the purpose of deceiving the public. Defendant argues that Plaintiff's Complaint fails to present any facts from which the Court may reasonably infer that Conair acted for the purpose of deceiving the public.

In BP Lubricants, the Court held that in order to prove intent to deceive the public in a false-marking claim under § 292, the plaintiff needed to specifically allege facts showing that 1) defendant knew that the marked product was not covered by an active patent; and yet 2) made a false statement suggesting the item was patented or patent pending.[14] Proving these two points would create a rebuttable presumption that the manufacturer acted with the requisite scienter.[15] The court in BP Lubricants identified three examples of facts a plaintiff could allege to meet the

---

[12] Id. at *2.

[13] Id. at *3.

[14] Id. at *4.

[15] Pequignot v. Solo Cup Co., 608 F.3d 1356, 1362-63 (Fed. Cir. 2010).

4

9(b) particularity standard regarding the first element: a) facts identifying actual individuals who knew the patent expired or was denied; b) facts alleging that the defendant was engaged in litigation about an expired patent; or c) facts alleging that the defendant made multiple revisions in marketing materials after expiration of the patent.[16]

As to the first element, Plaintiff alleged facts which show that Defendant knew the marked product was not covered by a patent. He alleged that the PTO sent four letters to Defendant, each of which stated that a patent had been abandoned, and attached those letters to the Complaint. This is the type of objective evidence required by BP Lubricants, and from it the Court can reasonably infer that Defendant was aware that the products were neither patented nor "patent pending."[17] Plaintiff further alleged that Plaintiff had performed a diligent patent search and found no other applicable patents or patent applications. Regarding the second element of the §292 claim, Plaintiff also pointed to false statements regarding that patent status, found on Defendant's product packaging and on its website. Therefore, Plaintiff created a rebuttable presumption that Defendant acted with requisite intent to deceive the public.[18]

BP Lubricants also states, without discussion, that pleading facts necessary to create a

---

[16] BP Lubriants, 2011 WL 873147, * 4

[17] Because Plaintiff points to objective evidence that Defendants had knowledge that the products were not patented or patent pending , including four notices the PTO sent to Defendant or its counsel and a search which revealed no other relevant patent filings, and Plaintiff does not merely allege that Defendants knew or reasonably should have known that the products were not covered by patents, the unpublished district court cases cited by Defendant in their memoranda (see Doc. No. 37 at n. 1 and Doc. No. 43 at n. 3) are inapposite.

[18] Defendant argues that Plaintiff failed to connect the dots between the individual receiving notice from the PTO and the patent markings on the marketing materials, citing Hollander v. Timex Grp. U.S.A., Inc., No. 10-cv-429 (E.D. Pa. April 13, 2011) and Heathcote Holdings Corp., Inc. v. William K. Walthers, Inc., No. 09-cv-6722 (N.D. Ill. March 11, 2011). The Court notes that both decisions addressed motions for summary judgment, and hence a different standard of review was applied. The Court finds no support for the argument that plaintiffs must be able to make such connections in their complaints in order to survive a Rule 12(b) or 12(c) motion.

5

rebuttable presumption is only one factor in determining whether Rule 9(b) is satisfied. The opinion does not provide guidance as to what other factors the Court must consider. Accordingly, the Court turns to Rule 9(b) itself, which reads: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Court is mindful that Rule 9(b) serves a gatekeeping function, assuring that only viable claims reach discovery and preventing relators from using discovery as a fishing expedition.[19] However, given the plain language of Rule 9(b), which permits general allegations regarding intent, the Court finds that intent or scienter has been sufficiently alleged in this case, at this stage in the proceedings, because the pleadings allege sufficient underlying facts from which the court may infer that Defendant acted with the requisite state of mind.[20] Accordingly, Defendant's Motion is denied.

---

[19] The Court also notes that if it were to dismiss the claim without prejudice, Plaintiff has informed the Court, through his reply brief, that he would amend the complaint to add additional facts supporting his claim. As this is not a motion to dismiss, but a motion for judgment on the pleadings, and the parties are well into discovery at this point, with a fact discovery deadline of May 31, 2011, dismissing the claim at this time would not serve a gatekeeping function but would merely delay resolution of this case. The Court considered these factors in arriving at its decision.

[20] Hollander v. Etymotic Research, Inc., 726 F. Supp. 2d 543, 549 (E.D. Pa. 2010).