IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE ROGERS<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONAIR CORPORATION<br><br>　　　　Defendant. | CIVIL ACTION<br><br>NO. 10-01497 (CMR) |

## NOTICE OF CONSTITUTIONAL CHALLENGE PURSUANT TO FRCP 5.1

Pursuant to the Federal Rule of Civil Procedure 5.1, Plaintiff Bruce Rogers ("Rogers"), by and through his undersigned counsel, hereby files this Notice of Constitutional Challenge, drawing into question the constitutionality of the Leahy-Smith America Invents Act, H.R. 1249, 112th Congr. (1st Sess. 2011) ("AIA").

### I.   CONSTITUTIONAL QUESTION PRESENTED

The question that Rogers presents is whether retroactive legislation that eliminates vested property interests, such as pending false marking qui tam suits, violates the Fifth Amendment of the United States Constitution. Stated more narrowly, Rogers submits that the AIA's amendments to the false marking statute, as applied to all pending cases, including the case at bar, violate both the Due Process and Takings Clauses of the Fifth Amendment by eliminating private property interests without due process or just compensation.

### II.   CHALLENGED STATUTE

At the time this false marking lawsuit was filed, 35 U.S.C. § 292(b) empowered "any person" to bring a civil lawsuit for deceptive patent mismarking in the name of the United States. It was considered a qui tam provision, which is a type of statute that authorizes a private party to

bring suit for a wrong done to the government and share in the recovery. *Stauffer v. Brooks Bros., Inc.*, 619 F.3d 1321, 1325 (Fed.Cir.2010).

On September 16, 2011, the President signed the AIA into law, eliminating the provision of the false marking statute that authorized qui tam suits by private plaintiffs, such as Rogers. Currently 35 U.S.C. § 292(b) states: "A person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury." The amendments to § 292 "apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act." AIA, H.R. 1249, 112th Congr. (1st Sess. 2011) at § 16(b)(4).

### III.  PAPER RAISING CONSTITUTIONAL QUESTION

The paper raising the constitutional question is Plaintiff Bruce Rogers's Memorandum of Law in Opposition to Defendant Conair Corporation's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (docket no. 86), which was filed on November 28, 2011. A copy of the paper is attached hereto as <u>Exhibit A</u>, and incorporated herein by reference.

> Submitted by:
>
> WEIR & PARTNERS LLP
>
>
> By: /s/ Edward T. Kang
> Edward T. Kang
> Steven E. Angstreich
> Melissa A. Bozeman
> Suite 500, The Widener Building
> 1339 Chestnut Street
> Philadelphia, PA  19107
> (215) 665-8181
> *Counsel for Plaintiff Bruce Rogers*

Dated: November 28, 2011